45 F.3d 443
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Marie E. MARLOW, Claimant-Appellant,
v.
Jesse BROWN, Secretary of Veterans Affairs, Respondent-Appellee.
 No. 93-7124.
 United States Court of Appeals, Federal Circuit.
 Dec. 20, 1994.
Rehearing Denied; Suggestion for Rehearing In Banc Declined
Jan. 27, 1995.
 
 Before NIES, Circuit Judge, SKELTON, Senior Circuit Judge, and RADER, Circuit Judge.
 DECISION
 RADER, Circuit Judge.
 
 
 1
 Marie E. Marlow appeals the decision of the Court of Veterans Appeals remanding her case to the Board of Veterans Appeals for determination of the amount of a disability benefits award based on her father's entitlement. Marlow v. Brown, 5 Vet.App. 146 (1993). Because remand will not deny this court opportunity to review the legal questions raised, this court dismisses.
 
 DISCUSSION
 
 2
 Ms. Marlow is the daughter of the late Alfred Mokal, a veteran wounded in combat in 1944. In 1948, the Veteran's Administration, now the Department of Veterans Affairs (VA), granted Mr. Mokal a disability rating under 35 U.S.C. Sec. 1114(n) (1988). In 1980, Mr. Mokal applied for an increased disability rating under 38 U.S.C. Sec. 1114(o) (1988). The VA granted the increased rating in 1981, effective as of the date of Mr. Mokal's application in 1980. Mr. Mokal clearly deserved the increased rating.
 
 
 3
 Before his death, Mr. Mokal claimed entitlement to the increased rating as of 1948, alleging clear and unmistakable error in the VA's 1948 rating decision. The Board denied his claim. Mr. Mokal appealed to the Court of Veterans Appeals, which affirmed. Mr. Mokal then moved the court to review its decision. The Court of Veterans Appeals stayed the motion pending the outcome of Russell v. Principi, 3 Vet.App. 310 (1992) (in banc), addressing the standard of review for clear and unmistakable error. Mr. Mokal died during the stay. Consequently the Court of Veterans Appeals substituted Ms. Marlow as appellant for her father.
 
 
 4
 The Court of Veterans Appeals then reversed the Board's denial of Mr. Mokal's claim and remanded the case for award of "any amount due under 38 U.S.C.A. Sec. 1114(o)." Marlow, 5 Vet.App. at 151. The court also instructed the Board to "See 38 U.S.C.A. Sec. 5121(a) (West 1991)." Marlow, 5 Vet.App. at 151. Section 5121(a) provides for payment after death of a portion of accrued but unpaid disability benefits to certain qualified parties. Ms. Marlow has not filed a claim for the limited benefits available under section 5121(a).
 
 
 5
 Ms. Marlow appeals the Court of Veterans Appeals' remand order to this court. She contends that section 5121(a) does not cut off the estate's claim for the benefits to which her father was entitled back to 1948. Unless properly interpreted, section 5121(a) would, according to Ms. Marlow, substantially preclude the relief to which the estate is entitled and which presumably she would receive as beneficiary of the estate. Ms. Marlow also alleges that an improper application of section 5121(a) would violate her constitutional right to due process. The Department of Veterans Affairs responds that death extinguished Mr. Mokal's claim. Therefore, according to the Department, Ms. Marlow's only recourse is to file her own claim under section 5121(a). The Department also challenges Ms. Marlow's interpretation of section 5121(a) and her constitutional arguments.
 
 
 6
 This case is simply not ripe for appeal. This court only accepts a remand order on appeal when necessary to protect its review of important legal questions that the remand might otherwise leave effectively unreviewable. See Travelstead v. Derwinski, 978 F.2d 1244, 1249 (Fed.Cir.1992).
 
 
 7
 In this case, remand will not preclude this court from reviewing on subsequent appeal the legal questions raised. Ms. Marlow raises the applicability and interpretation of section 5121(a), which the Court of Veterans Appeals instructed the Board to address on remand:
 
 
 8
 Accordingly, the Board decision is REVERSED and the case is REMANDED ... for an award of any amount due under 38 U.S.C. Sec. 1114(o). See 38 U.S.C.A. Sec. 5121(a) (West 1991)....
 
 
 9
 Marlow, 5 Vet.App. at 151 (emphasis added). This instructs the Board to address section 5121(a) when determining the amount of any award. No ruling has yet been made that Mr. Mokal's estate receives nothing by reason of section 5121(a).
 
 
 10
 Once the Board, and the Court of Veterans Appeals on subsequent appeal, have addressed the effect of section 5121(a), this court will have a full opportunity to review the questions Ms. Marlow raises. This court need not, and therefore cannot, review the questions out of turn. This court dismisses for lack of jurisdiction.