Marie E. MARLOW, Appellant,

v.

Togo D. WEST, Jr., Acting Secretary
of Veterans Affairs, Appellee.

No. 96–006.

United States Court of Veterans Appeals.

Jan. 29, 1998.

Frank J. Marlow, was on the briefs for appellant.

Mary Lou Keener, General Counsel; Ron Garvin, Assistant General Counsel; David W. Engel, Deputy Assistant General Counsel; and Michael R. Smalls, Washington, DC, were on the brief for appellee.

Before NEBEKER, Chief Judge, and KRAMER and FARLEY, Judges.

NEBEKER, Chief Judge:

The appellant, Marie Marlow, appeals a September 13, 1995, decision of the Board of Veterans' Appeals (BVA or Board) which (1) concluded that payment of disability compensation to the veteran, Albert Mokal, had been properly terminated under section 5505, title 38 of the United States Code, and (2) remanded the issue of whether there is entitlement to an award of retroactive compensation in view of clear and unmistakable error in an October 1948 rating decision. Upon consideration of the briefs of the parties and the record on appeal, the Court will dismiss this appeal for lack of jurisdiction.

## I. FACTS

### A. Accrued Benefits Claim

The veteran was previously before the Court in *Mokal v. Derwinski,* 1 Vet.App. 12 (1990), and the appellant's claim was previously before the Court in *Marlow v. Brown,* 5 Vet.App. 146 (1993), where a full statement of facts is set forth. The procedurally relevant history of this case, as it pertains to the present appeal, is as follows.

The veteran, Albert Mokal, was injured in World War II. In August 1946 he was granted service connection for complete spastic paralysis right side, rated as 100% disabling, and given special monthly compensation under 38 U.S.C. § 1114(m). His claim for an increased special monthly compensation under that statute (see 38 U.S.C. § 1114(o)) was denied in February 1948, and that denial was continued in an October 1948 regional office (RO) decision. Mr. Mokal again submitted a claim for an increased rating in 1980. This claim was granted by the RO in 1981, and an effective date of March 24, 1980, was assigned. Mr. Mokal challenged the effective date, alleging clear and unmistakable error (CUE) in the 1948 decision. In February 1992, this Court in a single-judge memorandum decision affirmed the denial of his claim of CUE in the 1948 RO decision, but later granted his motion for panel reconsideration. Since the issue of CUE was "then being addressed by the Court in *Russell v. Principi*, 3 Vet.App. 310 (1992), the Court held the motion for reconsideration in abeyance." *Marlow*, 5 Vet.App. at 147. On August 24, 1992, prior to this Court's reconsideration of his case, the veteran died, and under then-extant Court rules, Marie Marlow (the veteran's adult daughter) was substituted as appellant. On May 18, 1993, relying on the newly issued *Russell* opinion, this Court found CUE in the 1948 RO adjudications of the veteran's claim, and remanded "for an award of any amount due" under the applicable statutes and regulations, including 38 U.S.C. § 5121(a) (providing instructions for payment of accrued benefits upon the death of a beneficiary) and 38 C.F.R. § 3.1000(a) (1991). *Marlow, supra.*

Ms. Marlow filed a motion requesting that the Court amend its decision to be effective February 5, 1992 (the date of the single-judge disallowance), i.e., before the date of the veteran's death. This motion was denied in July 1993. Ms. Marlow then appealed to the Court of Appeals for the Federal Circuit, which dismissed her appeal in December 1994, finding it not ripe for Federal Circuit review. *See Marlow v. Brown*, 45 F.3d 443 (Fed.Cir.1994); *see also* Record (R.) at 295. After further development on remand, the BVA issued its decision which is the subject

of this appeal. R. at 9–22. Therein, the Board issued the following order remanding the matter to the RO:

(1) In accordance with the Court's instructions, the RO should take any action necessary "for an award of any amount due under [38 U.S.C. § 1114(o)]...." The Board would suggest that, at a minimum, the RO should promulgate a formal rating decision which amends all of the rating actions commencing with the one in October 1948 and until August 1981 on the basis of clear and unmistakable error to reflect the correct awards of special monthly compensation in accordance with the May 1993 decision by the Court. This should include consideration of the applicability of the provisions of 38 U.S.C. § 1114(r)(1) (formerly 314(r)(1)) which became effective January 1, 1959.

(2) After undertaking any appropriate further development, the RO should adjudicate by means of a formal rating decision by a rating board the additional issue inherently raised by the Court's May 1993 decision and identified by the Board previously in this remand, to wit: Entitlement to accrued benefits, to include the question of whether or not there is any legal authority for VA to make a retroactive award to the appellant or to the veteran's estate of additional special monthly compensation benefits for the period from approximately July 1948 to March 1980 under the terms of the Court's May 1993 decision. In making this determination, the RO should address and fully answer the arguments, including the claim for relief under [38 U.S.C. § 503(a)], advanced in support of the appellant's claim in the claimant's brief received at the Board in June 1995.

R. at 20–21. Section 503(a), title 38, United States Code, states the following:

If the Secretary determines that benefits administered by the Department have not been provided by reason of administrative error on the part of the Federal Government or any of its employees, the Secretary may provide such relief on account of such error as the Secretary determines equitable, including the payment of moneys *to any person whom the Secretary*

*determines is equitably entitled* to such moneys.

(emphasis added); *see also Darrow v. Derwinski,* 2 Vet.App. 303 (1992). Before this Court, the appellant requests that the Court order VA to pay Ms. Marlow the compensation denied to the veteran, and further to award triple damages and interest because of the "deliberate bad faith" exhibited by VA. Appellant's Brief (Br.) at 33–34. On October 1, 1997, the Board issued a final decision, as directed by the remand, which is now the subject of a separate appeal.

### B.   38 U.S.C. § 5505

On November 5, 1990, Congress enacted the Omnibus Budget Reconciliation Act of 1990 which provided in relevant part:

> In any case in which a veteran having neither spouse, child, nor dependent parent is rated by the Secretary in accordance with regulations as being incompetent and the value of the veteran's estate (excluding the value of the veteran's home) exceeds $25,000, further payment of compensation to which the veteran would otherwise be entitled may not be made until the value of such estate is reduced to less than $10,000.

Pub.L. 101–508, Title VII, § 8001(a)(1), 104 Stat. 1338 (1990) (Nov. 5, 1990) (currently codified at 38 U.S.C. § 5505(a)). (The provisions of section 5505 expired on September 30, 1992, and have not been reenacted. *See* 38 U.S.C. § 5505(c).) In January 1991, VA notified the appellant that because the veteran's estate was valued at an amount considerably in excess of $25,000 as of June 1990, his compensation benefits had been proposed for termination under section 5505, effective April 1, 1991. R. at 103–04. In February 1992, the veteran was informed that the United States District Court for the Southern District of New York had restored payment of disability compensation, as part of the injunction granted to the Disabled American Veterans (DAV) in a class action lawsuit against VA. R. at 185. The District Court's action was later reversed by the U.S. Court of Appeals for the Second Circuit, and the appellant was informed in June 1993 that a $20,920 overpayment had resulted from the previous restoration of benefits. R. at 266. However, this indebtedness was later waived.

At issue in the BVA decision here on appeal is whether the veteran—and now the appellant—was entitled to payment of compensation benefits for the month of July 1992 in the amount of $4,184, and whether Ms. Marlow was entitled to any accrued benefits. R. at 15, 19.

## II.   ANALYSIS

### A.   Accrued Benefits Claim

This Court has jurisdiction to review under 38 U.S.C. § 7252(a) only those BVA decisions that are final. *In the Matter of the Fee Agreement of Cox,* 10 Vet.App. 361, 366 (1997) (this Court "has jurisdiction to review ... adjudicative actions [of the Department of Veterans Affairs] only under 38 U.S.C. § 7252(a) and pursuant to a final Board decision") (citing *Matter of Wick,* 40 F.3d 367, 370–73 (Fed.Cir.(1994))). In view of the BVA's remand to the RO of the appellant's claim for accrued benefits to determine any amount due, and the subsequent decision which is now the subject of a separate NOA, that claim is not before the Court in this present appeal. *See* R. at 20–21; 38 U.S.C. §§ 7252(b), 7266(a)(1).

### B.   Termination of Disability Compensation Under 38 U.S.C. § 5505

With respect to the Board's determination that payment of disability compensation to the veteran had been properly terminated under 38 U.S.C. § 5505, the Court notes that Ms. Marlow has not received a final Board decision of her own, and further, that she has not filed a jurisdictionally valid Notice of Disagreement (NOD) relating to her own claim. *See Landicho v. Brown,* 7 Vet.App. 42 (1994); *see also Smith v. Brown,* 8 Vet.App. 546 (1996). The BVA decision here on appeal derived from this Court's remand in 1993, which was the result of substituting Ms. Marlow in place of the veteran.

In *Landicho,* the Court held that substitution of appellants is not permissible where the initial appellant is a veteran who dies while the denial by the Board is pending here

on appeal. 7 Vet.App. at 54–55. In *Goble v. Brown,* 9 Vet.App. 22, 23–24 (1996), the Court held that the holding in *Landicho* constituted an "intervening change of controlling law" and consequently, that the law of the case doctrine was inapplicable. *See also Johnson v. Brown,* 7 Vet.App. 25 (1994) (recognizing exceptions to the law of the case doctrine). Similarly, and despite our earlier remand, the Court must hold that the earlier substitution of Ms. Marlow for the veteran cannot form the predicate of the appeal currently before the Court. When the veteran died, his claim did not survive him. The appellant is no longer the custodian of the veteran since he is deceased. The NOD filed in March 1991 was filed for the then-living veteran, and the appealed Board decision was issued in the veteran's name. Accordingly, the Court holds that this appeal must be dismissed for lack of jurisdiction. *See Landicho, supra.*

### III.  CONCLUSION

As the appellant's claim for accrued benefits was not subject to a final determination in the BVA decision here on appeal, we cannot, and do not, decide that issue here. The Court notes that the BVA has rendered a final decision as to that matter which is now the subject of a separate appeal to this Court.

To the extent that the appellant is seeking compensation withheld from her father under 38 U.S.C. § 5505, the appeal is DISMISSED for lack of jurisdiction.