**UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS**

No. 08-2133

JAMES I. EVANS, APPELLANT,

V.

ERIC K. SHINSEKI,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

On Appeal from the Board of Veterans' Appeals

(Decided January 28, 2011)

*Kenneth L. LaVan*, with whom *Dianne E. Olson*, both of Fort Lauderdale, Florida, was on the pleadings for the appellant.

*Will A. Gunn,* General Counsel; *R. Randall Campbell*, Assistant General Counsel; *Edward V. Cassidy*, *Jr*., Deputy Assistant General Counsel, and *Christopher O. Adeloye,* all of Washington, D.C., for the appellee.

Before MOORMAN, LANCE, and SCHOELEN, *Judges.*

MOORMAN, *Judge*, filed the opinion of the Court. SCHOELEN, *Judge*, filed a separate opinion concurring in part and dissenting in part.

MOORMAN, *Judge*:  The appellant, James I. Evans, through counsel, appeals an April 17, 2008, Board of Veterans' Appeals (Board) decision that denied his claim of entitlement to service connection for the residuals of a collapsed lung, remanded his claims of entitlement to service connection for a back disorder and to a compensable evaluation for residuals of a fractured distal left fibular shaft, and dismissed his claims for asbestos exposure, hepatitis B, and hepatitis C.  Record (R.) at 3-4.  This appeal is timely, and the Court has jurisdiction over the case pursuant to 38 U.S.C. §§ 7252(a) and 7266.  The appellant does not present any argument concerning the denial of his claim for the residuals of a collapsed lung.  Accordingly, that claim is deemed abandoned.  *See Ford v. Gober*, 10 Vet.App. 531, 535 (1997).  In addition, the Court will not discuss the claims remanded by the Board, as the Court does not have jurisdiction over them and the appellant makes no argument with respect to them.  *See Link v. West*, 12 Vet.App. 39, 47 (1998); *Marlow v. West*, 11 Vet.App. 53, 55 (1998).  For the reasons that follow, the Court will vacate the April 17, 2008, Board decision as

to its dismissal of the appellant's claims for asbestos exposure, hepatitis B, and hepatitis C and remand those matters for further proceedings consistent with this decision. However, the Court will dismiss the appellant's appeal as to his claims for memory loss, migraines, and plantar fasciitis that were not the subject of the Board decision on appeal.

## I. BACKGROUND

The appellant served on active duty in the U.S. Army from August 1968 until August 1970. R. at 573.

In July 2003, the appellant filed a claim with the St. Petersburg, Florida, regional office (RO), seeking entitlement to service connection for a back condition, bilateral wrist conditions, hepatitis C, carpel tunnel syndrome, a collapsed lung, drug addiction, and a lung condition due to asbestos exposure. R. at 484-85. The appellant also sought a compensable rating for his service-connected distal left fibular shaft fracture and the reopening of a previously denied claim for a forehead injury. R. at 484. At a later date, the appellant added claims for an eye condition, hepatitis B, a stab wound to the chest, and a heart condition. R. at 448, 450.

In February 2004, the RO issued a rating decision that disposed of 16 separate claims. R. at 391. Within that decision, the RO continued the appellant's noncompensable rating for his fibular shaft fracture, denied entitlement to a non-service-connected pension, and also denied reopening of the appellant's claim for the residuals of a forehead injury. R. at 391. The decision further denied entitlement to service connection for an eye condition, the residuals of a stab wound to the chest, the residuals of a collapsed lung, asbestos exposure, heart trouble, drug and alcohol addiction, hepatitis B and C, a back disability, carpal tunnel syndrome, a scar on the left wrist, and bilateral plantar fasciitis. *Id*. The appellant timely filed a Notice of Disagreement (NOD) to the RO's decision with respect to his claims for asbestos exposure, a back disability, a collapsed lung, hepatitis B and C, and his distal left fibular shaft fracture. R. at 379-84. The appellant also raised new claims for a neck condition, migraines, and memory loss. *Id*. However, the appellant did not express any disagreement with the other ten claims decided by the RO in the February 2004 decision. *Id*.

In September 2004, the RO issued a Statement of the Case (SOC) with respect to the six claims referenced in the appellant's NOD. R. at 311-31. The RO also issued a rating decision with

2

respect to the appellant's newly filed claims for a neck condition, migraines, and memory loss. R. at 334-39. The record before the Court does not reflect an NOD with respect to the September 2004 rating decision; however, using a VA Form 9,[1] the appellant filed a Substantive Appeal with the Board concerning the "issues" outlined in the September 2004 SOC. R. at 309-10. On his Form 9, the appellant checked the first box in section 9.A. stating that "I WANT TO APPEAL ALL OF THE ISSUES LISTED ON THE STATEMENT OF THE CASE AND ANY SUPPLEMENTAL STATEMENTS OF THE CASE THAT MY LOCAL VA OFFICE SENT TO ME." R. at 309. In the space provided below part B of section 9 on that same Form 9, the appellant specifically listed as issues the RO's denial of his claims for fractured distal fibular shaft, back injury, and collapsed lung. *Id*.

In January 2008, the Board provided a hearing for the appellant. R. at 124-52. During that hearing, the hearing officer stated that: "In our prehearing conference we determined that we have three issues on appeal today, those being entitlement to service connection for a back disability, service connection for residuals of a collapsed lung, and entitlement to a compensable (increased) evaluation for residuals of a fracture of the left distal fibular tip/shaft. Is that the correctly stated issues?" R. at 125. The appellant replied, "That's correct." *Id*. The hearing officer concluded the hearing by asking the appellant: "Is there anything that you would like to add at this time that you don't feel that we've discussed with regard to your back, your lungs or, essentially, your left ankle?" R. at 151. The appellant declined to add anything. *Id*. In the decision now on appeal, the Board fully addressed the three "issues" specifically outlined in the appellant's Form 9; however, the Board dismissed the appellant's claims for asbestos exposure, hepatitis B, and hepatitis C under 38 C.F.R. § 20.202 because it reasoned that the appellant's Form 9 showed that the appellant was only appealing the "issues" related to a back disorder, the residuals of a collapsed lung, and entitlement to a higher rating for the residuals of a fractured distal left fibular shaft. R. at 4.

---

[1] The appellant's VA Form 9 that was submitted by the parties as part of the record of proceedings is attached to this opinion. R. at 309. Although the printed instructions for completing the VA Form 9 were not included in the record of proceedings, the Court is attaching a copy of the full text of VA's Form 9 including those instructions. This is the same version of the form that was submitted by the appellant.

## II. ANALYSIS

### A. The Court's Jurisdiction

In his brief to the Court, the appellant argues that the Board erred by not adjudicating his claims for asbestos exposure, hepatitis B, hepatitis C, memory loss, migraines, and bilateral plantar fasciitis. Appellant's Brief (Br.) at 7. Specifically, he asserts that the Court's caselaw required the Board to liberally read his Form 9 Substantive Appeal and to address all issues possibly raised within that appeal. *Id*. at 20-24. The Secretary counters that the Court lacks jurisdiction over the appellant's asbestos, hepatitis, memory loss, migraine, and plantar fasciitis claims because those claims were never properly raised before the Board. Secretary's Br. at 7. In support of this contention, the Secretary argues that, under 38 U.S.C. § 7.105(d)(5), 38 C.F.R. § 20.202, and this Court's caselaw, the Board was free to dismiss claims where the appellant did not allege some error committed by the RO. *Id*. at 7-10.

The Court's appellate jurisdiction derives exclusively from the statutory grant of authority provided by Congress, and the Court may not extend its jurisdiction beyond that which is permitted by law. *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 818 (1988); *Henderson v. Peake*, 22 Vet.App. 217, 219 (2008), *aff'd sub nom. Henderson v. Shinseki*, 589 F.3d 1201 (Fed. Cir. 2009) (en banc), *cert. granted*, 1301 S.Ct. 3502 (2010). Congress has established that the Court "shall have power to affirm, modify, or reverse a decision of the Board or to remand the matter, as appropriate." 38 U.S.C. § 7252(a). Consequently, the Court's "jurisdiction is premised on and defined by the Board's decision concerning the matter being appealed," and when the Board has not rendered a decision on a particular issue, the Court generally has no jurisdiction under section 7252 (a) to consider the merits of the matter. *Ledford v. West*, 136 F.3d 776, 779 (Fed. Cir. 1998); *see also Howard v. Gober*, 220 F.3d 1341, 1344 (Fed. Cir. 2000). Nonetheless, the Court exercises de novo review over Board determinations that are critical to its jurisdiction. *See Stokes v. Derwinski*, 1 Vet.App. 201, 203-204 (1991) (finding that the Court may find facts "crucial to the proper determination of whether this Court has jurisdiction"); *see also Butts v. Brown*, 5 Vet.App. 532, 539 (1993) (en banc) (Court reviews "questions of law de novo without any deference to the [Board's] conclusions of law").

1. *Claims Dismissed by the Board*

With respect to the Board's dismissal of the appellant's claims for asbestos exposure, hepatitis B, and hepatitis C, the Court agrees with the appellant that remand is necessary. The Court has the power to review the Board's refusal to exercise its jurisdiction. *Butts*, *supra*. In this case, the Court has jurisdiction to determine whether the Board acted properly in dismissing the appellant's claims for asbestos exposure, hepatitis B, and hepatitis C pursuant to 38 U.S.C. § 7105 and VA's implementing regulation, 38 C.F.R. § 20.202.

Pursuant to 38 U.S.C. § 7105, the filing of an NOD initiates appellate review in the VA administrative adjudication process, and the request for appellate review is completed by the claimant's filing of a Substantive Appeal, after an SOC is issued by VA. 38 U.S.C. § 7105(a), (d)(1), (d)(3); see *Archbold v. Brown*, 9 Vet.App. 124, 132 (1996); *Rowell v. Principi*, 4 Vet.App. 9, 14 (1993). The statute states in relevant part that

> Copies of the "statement of the case" prescribed in paragraph (1) of this subsection will be submitted to the claimant and to the claimant's representative. . . . The claimant will be afforded a period of sixty days from the date the statement of the case is mailed to file the formal appeal. This may be extended for a reasonable period on request for good cause shown. The appeal should set out specific allegations or error of fact or law, such allegations related to specific items in the statement of the case. The benefits sought on appeal must be clearly identified.

38 U.S.C. § 7105(d)(3). Once the Board has accepted a Substantive Appeal and acquired jurisdiction, it is well established that the Board must review all issues and theories that are reasonably raised by the claimant or the evidence of record. *See generally Robinson v. Peak*, 21 Vet.App. 545 (2008), *Jarrell v. Nicholson*, 20 Vet.App. 326, 331-32 (2006); *Myers v. Derwinski*, 1 Vet.App. 127 (1991).

Recently, in *Ortiz v. Shinseki*, this Court discussed 38 U.S.C. § 7105 and the requirements it places on claimants in preparing a Substantive Appeal. 23 Vet.App. 353, 357 (2010). In *Ortiz*, the Court addressed whether the appellant's correspondence with VA was sufficient to satisfy the requirements of a Substantive Appeal in lieu of a VA Form 9. *Id*. at 354-55, 358-62. The Court interpreted the language of 38 U.S.C. § 4005(d)(3) (1980)[2] and held that, in a case where there is no

---

[2]Now renumbered as 38 U.S.C. § 7105(d)(3).

5

VA Form 9 filed, the claimant bears the burden of "expand[ing] upon their initial disagreement with the RO decision by setting forth, however inartfully, a particular theory of error for the Board to decide." *Ortiz*, 23 Vet.App. at 357. The present case, however, presents an issue not addressed in *Ortiz*. In this case, unlike in *Ortiz*, the appellant undeniably submitted a VA Form 9 following the September 2004 SOC. R. at 309. As a consequence, the issue here is whether a claimant limits the issues before the Board when he files a VA Form 9 in which he checks the box indicating his desire to appeal all issues listed in the SOC, but also specifies on the Form 9 arguments as to some, but not all, issues listed in the SOC.

The September 2004 SOC covered the following six issues: (1) an increased rating for the appellant's service-connected residuals of a fractured distal left fibular shaft, (2) service connection for a back disability, (3) service connection for asbestos exposure, (4) service connection for hepatitis B, (5) service connection for hepatitis C, and (6) service connection for the residuals of a collapsed lung. R. at 313. In response to the SOC, the appellant submitted a Substantive Appeal in the form of a VA Form 9, on which he checked the box indicating that he wanted to appeal "all of the issues" stated in the SOC. R. at 309. However, on that same Form 9, the appellant specifically listed as issues the RO's denial of his claims for fractured distal fibular shaft, back injury, and collapsed lung. *Id*.

This Form 9 was accepted as a Substantive Appeal and the appellant's case went before the Board.[3] In May 2005, the appellant's representative from a veterans service organization submitted a letter listing distal fibular shaft, back injury, and collapsed lung as the "[i]ssues [p]resented for [r]eview." R. at 302. In January 2008, the appellant presented testimony at a Board hearing. R. at 124-152. At the outset of the hearing, the hearing officer stated that: "In our prehearing conference we determined that we have three issues on appeal today, those being entitlement to service connection for a back disability, service connection for residuals of a collapsed lung, and entitlement to a compensable (increased) evaluation for residuals of a fracture of the left distal fibular tip/shaft. Is that the correctly stated issues?" The appellant replied, "That's correct." R. at 125. The hearing

---

[3]The record before the Court does not contain any evidence of whether all or only three of the six issues listed in the September 2004 SOC were certified by the RO as on appeal to the Board. *See* 38 C.F.R. § 19.35 (2010) (providing that a VA Form 8 "'Certification of Appeal' . . . is used for administrative purposes and does not serve to either confer or deprive the Board[ ] of jurisdiction over an issue").

6

officer then concluded the hearing by asking the appellant: "Is there anything that you would like to add at this time that you don't feel that we've discussed with regard to your back, your lungs or, essentially, your left ankle?" R. at 151. The appellant declined to add anything. *Id*.

In its April 2008 decision here on appeal, the Board noted that

the veteran's appeal had originally included the issues of entitlement to service connection for asbestos exposure, hepatitis B, and hepatitis C. However, in his October 2004 VA Form 9, the veteran stated that he was only appealing the issues of entitlement to service connection for a back disorder and residuals of a collapsed lung and for an increased evaluat[ion] for his residuals of a fractured distal left fibular shaft. As such, the veteran has not filed a substantive appeal for the other issues. *See* 38 C.F.R. § 20.202. Accordingly, the issues of asbestos exposure, hepatitis B, and hepatitis C no longer remain in appellate status and no further consideration is required.

R. at 4.

This Court has held that the Board may waive both the timeliness and adequacy requirements of a Substantive Appeal. *Percy v. Shinseki*, 23 Vet.App. 37, 47 (2009). As the Court noted in *Percy*, in determining the adequacy of a Substantive Appeal, "VA may waive 'any . . . pleading requirements on the part of the appellant.'" *Id*. (quoting *Gomez v. Principi*, 17 Vet.App. 369, 372-73 (2003)). The Court explained that the congressional intent of § 7105(d)(3) "is inconsistent with [] VA [] treat[ing] its procedures as a minefield that the veteran must successfully negotiate in order to obtain the benefits that Congress intended to bestow on behalf of a grateful nation. If VA treats an appeal as if it is timely filed, a veteran is entitled to expect that VA means what it says." *Id*.

The box that VA's Form 9 provides for a claimant to check when he wants to inform VA of his intent "to appeal all of the issues listed on the [SOC] and any [SSOC] that my local VA office sent to me" must be read to mean what it says. *Id*. If the veteran checks that box on VA's Form 9, he has expressed his intention to appeal all issues. When VA selects only certain issues to decide on appeal, without directly informing the veteran that he is abandoning the remaining issues, VA creates an ambiguity that must be resolved in the veteran's favor. The Board has an obligation to read pro se filings liberally both for proceedings appealing the decision of the RO to the Board and for proceedings alleging clear and unmistakable error. *Comer v. Peake*, 552 F.3d 1362, 1368 (Fed. Cir. 2009); *Andrews v. Nicholson*, 421 F.3d 1278, 1282-84 (Fed. Cir. 2005); *Roberson v. Principi*,

7

251 F.3d 1378, 1380-84 (Fed. Cir. 2001). This obligation also applies to filings made by represented appellants in their direct appeals to the Board. *Robinson v. Shinseki*, 557 F.3d 1355, 1359 (Fed. Cir. 2009). Essentially, the Secretary offered to waive the statutory adequacy requirements for a Substantive Appeal when he included a box on the Form 9 allowing a claimant to check off that he wishes to appeal all issues listed in the SOC. R. at 309. Consequently, even if the appellant had not stated a single argument, the Board would have still been obligated to consider all the issues on appeal and to review all the issues and theories reasonably raised by the evidence of record. *Robinson*, *supra*. We, therefore, hold that if a claimant uses a VA Form 9 and checks box 9.A. stating that "I WANT TO APPEAL ALL OF THE ISSUES LISTED ON THE STATEMENT OF THE CASE AND ANY SUPPLEMENTAL STATEMENTS OF THE CASE THAT MY LOCAL VA OFFICE SENT TO ME," then all issues listed on the SOC are on appeal to the Board and it has waived its ability to dismiss any of those issues under 38 U.S.C. § 7105(d)(5).

Although the Board must consider all the issues listed in the SOC when the claimant checks the box in section 9.A. of VA's Form 9, the Board and the appellant are not powerless to thereafter limit the issues on appeal. The Secretary has specifically provided procedures for a valid withdrawal of an entire appeal or issues within an appeal. 38 C.F.R. § 20.204. The issues on appeal could have been limited if the appellant's intent to do so was clear on the record. However, there is nothing in the record before the Court to make it clear that the Board hearing officer informed the appellant that he was abandoning his right to appeal certain issues and the appellant affirmatively confirmed his desire to do so. Further, the Board could not have deemed the appeal abandoned in writing, rather than at the hearing, as there is no formal writing in the record evidencing such a withdrawal. *See* 38 C.F.R. § 20.204(b)(1) (requiring that appeals not withdrawn on the record at a hearing must be in writing and "[i]f the appeal involves multiple issues, the withdrawal must specify that the appeal is withdrawn in its entirety, or list the issue(s) withdrawn from the appeal.").

The Secretary argues that the appellant "explicitly abandoned" the issues of asbestos exposure, hepatitis B, and hepatitis C during his January 2008 hearing before the Board. Secretary's Br. at 13-14. However, there is nothing in the record to indicate that the appellant was ever informed that only three of the six issues listed in the SOC remained on appeal following the hearing. For example, VA's Form 9 itself does not include instructions stating that if a claimant checks box 9.A.

8

and lists certain issues in box 9.B., the latter controls. Moreover, the appellant never made any affirmative statement that he intended to abandon those three issues on appeal. The hearing officer at the Board hearing steered the conversation to only three issues but never made any statement and never received an affirmative statement from the appellant that he was abandoning on appeal any of the other issues contained in the SOC by not addressing them at that time. R. at 125. In light of the well-established requirement that VA read pro se filings liberally in the context of a direct appeal to the Board, the Board must, in the absence of a clear waiver on the record, abide by the Form 9 box that the appellant checked. *See Comer*, *supra*.

The appellant's statements at the January 2008 hearing did not constitute a knowing and voluntary waiver of his right to pursue an appeal as to compensation for asbestos exposure, hepatitis B, and hepatitis C. *See United States v. Olano*, 507 U.S. 725, 733 (1993) (holding "waiver is the 'intentional relinquishment or abandonment of a known right'" (quoting *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938))); *Janssen v. Principi*, 15 Vet.App. 370, 375 (2001) ("Th[e] concept of an appellant's right to make a knowing and voluntary waiver of consideration of procedural protections is neither foreign to nor prohibited by this Court. To the contrary, this Court has long accepted the ability of appellants to waive certain procedural rights."). The Court further notes that the hearing officer did not comply with his duty to fully explain to the appellant the issues in terms of the scope of the claim for benefits. *See Bryant v. Shinseki*, 23 Vet.App. 488, 492-93 (2010); 38 C.F.R. § 3.103(c)(2). A Board hearing officer's statement that only certain issues are for discussion during a hearing does not inform the appellant that other issues not discussed during the hearing no longer remain on appeal. And, the appellant's consent to limit the scope of the hearing to certain other issues does not constitute a knowing and voluntary waiver of his right to pursue all issues on appeal.

For all of the above reasons, the Board was obligated to consider the merits of all issues listed in the SOC, and it erred in failing to do so. Accordingly, the Court will reverse the Board's determination that the appellant's claims for asbestos exposure, hepatitis B, and hepatitis C were no longer in appellate status and will remand those claims for consideration by the Board on the merits. *See Robinson*, *supra*.

## 2. *Claims Not Addressed by the Board*

To the extent that the appellant makes arguments concerning his claims for memory loss, migraines, and fasciitis, which were not decided by the Board, the Court has no jurisdiction to consider these claims on the merits absent a Board decision addressing them. *See Jarrell*, 20 Vet.App. at 331 (noting that the Board does not have jurisdiction over a claim until the RO first issues a decision on it); *see also* 38 U.S.C. § 7104(a). The Court notes that it is not apparent from the record that the appellant ever filed an NOD as to these claims after the RO decided them. To the extent that the appellant believes he has a pending appeal as to these claims, he should raise this issue to VA. *See DiCarlo v. Nicholson*, 20 Vet.App. 52, 55 (2006). If the Board determines that no timely NOD was filed or if it denies the claims on the merits, the appellant can appeal by filing a Notice of Appeal with the Court within 120 days of the Board's decision. 38 U.S.C. § 7266(a).

## B. Appellant's Merit Argument

The Court acknowledges the appellant's argument that VA did not meet its duty to assist with respect to his claim for service connection for a lung condition caused by asbestos exposure. Appellant's Br. at 24. However, as this claim has not been considered on the merits by the Board, the Court will not address this issue, but will allow the Board to consider it in the first instance. *See Maggitt v. West*, 202 F.3d 1370, 1377 (Fed. Cir. 2000) (finding that the Court "may hear legal arguments raised for the first time with regard to a claim that is properly before the court, [but] it is not compelled to do so in every instance"). Accordingly, the Court will vacate the April 17, 2008, Board decision with respect to the appellant's claims for asbestos exposure, hepatitis B, and hepatitis C and remand those matters for further proceedings consistent with this opinion. However, the appellant's appeal for service connection for memory loss, migraines, and plantar fasciitis is dismissed for lack of jurisdiction because those conditions were not the subject of the Board decision now on appeal. On remand, the appellant is free to submit additional evidence and argument, including the arguments raised in his briefs to this Court, in accordance with *Kutscherousky v. West*, 12 Vet.App. 369, 372-73 (1999) (per curiam order), and the Board must consider any such evidence or argument submitted. *See Kay v. Principi*, 16 Vet.App. 529, 534 (2002). The Board shall proceed expeditiously, in accordance with 38 U.S.C. §§ 5109B, 7112 (requiring Secretary to provide for "expeditious treatment" of claims remanded by Board or Court).

## IV. CONCLUSION

After consideration of the appellant's and the Secretary's briefs, and a review of the record, the Board's April 17, 2008, decision is REVERSED with respect to the Board's determination that the appellant's claims for asbestos exposure, hepatitis B, and hepatitis C were no longer in appellate status, and the matters are REMANDED to the Board for further proceedings consistent with this opinion. The appeal as to his claim for service connection for memory loss, migraines, and plantar fasciitis is DISMISSED for lack of jurisdiction.

SCHOELEN, *Judge*, joins, concurring in part and dissenting in part: I concur with the majority's decision to vacate the Board decision and remand the matter to the Board for further proceedings. I must dissent, however, from the remainder of the majority's decision. A remand is warranted in this case because the Board failed to give an adequate statement of reasons or bases for its conclusion that Mr. Evans had not filed a Substantive Appeal on three of the six issues that were identified in his NOD and the RO's SOC.

The Board indicated that it arrived at its conclusion that three of the issues "no longer remain[ed] in an appellate status" because the appellant stated in his Substantive Appeal that "he was only appealing the issues of entitlement to service connection for a back disorder and residuals of a collapsed lung and for an increased evaluat[ion] for residuals of a fractured distal left fibular shaft." R. at 4. However, a review of Mr. Evans's Substantive Appeal indicates that he did not actually state that he was limiting his appeal to three issues. Because it is apparent that the Board interpreted the various statements that Mr. Evans made on the Substantive Appeal to arrive at its conclusion, it is important for the Court to review the appellant's Substantive Appeal.

A Substantive Appeal must satisfy two criteria. It must "identify the benefits sought" and "set out specific allegations or error of fact or law." 38 U.S.C. § 7105(d)(3); 38 C.F.R. § 20.202 (2010). To "the extent feasible, the argument should be related to specific items in the [SOC]." 38 C.F.R. § 20.202. The purpose of the Substantive Appeal specificity requirement is to give the Board some guidance as to what error the claimant perceives occurred in his case. *Ortiz v. Shinseki,* 23 Vet.App. 353, 357 (2010) (holding that the Substantive Appeal procedure places "a burden on

11

claimants to expand upon their initial disagreement with the RO decision by setting forth–however inartfully–a particular theory of error for the Board to decide"). If an SOC involves multiple issues, the Substantive Appeal must indicate that the claimant wishes to appeal all of the issues set forth in the SOC or "it must specifically identify the issues appealed." 38 C.F.R. § 20.202.

VA created the VA Form 9 for claimants to use to file a Substantive Appeal. The VA Form 9 contains clear instructions to claimants as to how to complete the Form 9 so that it satisfies both statutory requirements for a Substantive Appeal. The instructions on the VA Form 9 direct a claimant that the purpose of box 9 is to identify the issues that the claimant wishes to appeal. The claimant is then given a choice to complete either box 9.A. or 9.B., depending upon whether or not he is appealing all of the issues listed on the SOC or Supplemental SOC (SSOC). The directions instruct the claimant to check box 9.A. if he is interested in appealing *all* of the issues listed on the SOC.[4] R. at 309. That box states "I WANT TO APPEAL ALL OF THE ISSUES LISTED ON THE STATEMENT OF THE CASE AND ANY SUPPLEMENTAL STATEMENTS OF THE CASE THAT MY LOCAL VA OFFICE SENT TO ME." R. at 309.

Alternatively, the Form 9 instructs the claimant to check box 9.B. *only* if he is appealing some but not all of the issues on the SOC. *Id*. The preprinted language in block 9.B. states: "I

---

[4] The instructions on the back of the VA Form 9 state in pertinent part:
.

> Block 9. Save what you want to tell us about *why* you are appealing for the next block. This is the block where you tell us exactly *what* you are appealing. You do this by identifying the "issues" you are appealing. Your local VA office has tried to accurately identify the issues and has listed them on the SOC and any SSOC it sent you.

> If you think that your local VA office has correctly identified the issues you are appealing and, after reading the SOC and any SSOC you received, you still want to appeal its decisions on *all* those issues, check the first box in block 9. Do not check the second box if you check the first box.

> Check the second check box in block 9 if you only want to continue your appeal on some of the issues listed on the SOC and any SSOC you received. List the specific issues you want to appeal in the space under the second box.

Emphasis in original.

HAVE READ THE [SOC] AND ANY [SSOC] I RECEIVED. I AM ONLY APPEALING THESE ISSUES. (LIST BELOW)." Box 9.B. further instructs the claimant to identify the issues he wishes to appeal in the space provided below the box. The instructions on the VA Form 9 make clear that a claimant completes either box 9.A. *or* 9.B., but not *both* boxes.

Here, Mr. Evans checked the first preprinted box in section 9.A. indicating that he wished to appeal all of the issues on the Statement of the Case. R. at 309. However, Mr. Evans also partially completed block 9.B. Although he did not check Block 9.B., he identified three issues in the space below the box: a fractured distal fibular shaft, back injury, and collapsed lung. *Id*. By checking box 9.A. and partially completing box 9.B., the appellant created confusion regarding which issues he intended to appeal.

Adding to the confusion regarding the appellant's intent is the manner in which he completed box 10 of the form. Block 10 of VA Form 9, is entitled: "HERE IS WHY I THINK THAT VA DECIDED MY CASE INCORRECTLY." R. at 309. The VA Form 9 states that the purpose of block 10 is to allow the claimant to list the errors that VA committed when it denied the claims. The VA Form 9 directs the claimant to make specific allegations of error with respect to the RO denial of his claims in this space.[5] *Id*. Mr. Evans completed block 10 and made general allegations of error regarding the three claims that he identified in Block 9B. However, he did not make any argument regarding the other claims that were listed on the SOC.

Here, ascertaining the appellant's intent is difficult because of the manner in which he completed the VA Form 9. Mr. Evans checked 9.A. indicating that he wished to appeal *all* of the issues listed in the SOC, but he also partially completed 9.B., which is reserved for claimants who seek to appeal *some* but not all of the issues listed on the SOC. By identifying only three issues on appeal under 9.B., the appellant expressed an intent that is obviously inconsistent with the intent he expressed by checking box 9.A. to appeal *all* of the issues. This confusion is compounded by the

---

[5] The instructions on the VA Form 9 with regard to Block 10 state in pertinent part:

Use this block to tell us *why* you disagree with the decision made by your local VA office. Tie your arguments to the issues you identified in block 9. Tell us what facts you think VA got wrong and/or how you think VA misapplied the law in your case. Try to be specific. . . . . .

13

way that the appellant completed box 10. Under that box, the appellant made arguments regarding errors that the RO had committed regarding its denial of the same three issues that he indicated he was appealing in box 9.B.

Faced with a Substantive Appeal that contained conflicting statements regarding the issues that Mr. Evans intended to appeal, the Board concluded that Mr. Evans intended to limit his appeal to only three of the issues listed in the SOC. The deficiency in the Board decision is that it does not provide an explanation as to how it resolved the seemingly conflicting statements on Mr. Evans's Substantive Appeal to arrive at its conclusion. *See Gilbert v. Derwinski,* 1 Vet.App. 49, 57 (1990) ("A bare conclusory statement, without both supporting analysis and explanation, is neither helpful to the veteran, nor 'clear enough to permit effective judicial review,' nor in compliance with statutory requirements.") (quoting *Int'l Longshoremen's Assoc. v. Nat'l Mediation Bd.,* 870 F.2d 733, 735 (D.C. Cir. 1989)). Additionally, it is unclear whether the Board reached this conclusion after sympathetically reading Mr. Evans's Substantive Appeal. *See Szemraj v. Principi,* 357 F.3d 1370, 1373 (Fed. Cir. 2004); *Roberson v. Principi,* 251 F.3d 1378, 1384 (Fed. Cir. 2001); *Robinson v. Peake*, 21 Vet.App. 545 (2008).

The Board's only explanation for its decision is the cursory statement that the appellant "stated" that he intended to limit his appeal. However, this summary conclusion is inadequate because it does not provide this Court or the appellant with an explanation of how the Board considered and weighed the conflicting information on the VA Form 9. The majority characterizes the issue on appeal as "whether a claimant limits the issues before the Board when he files a VA Form 9 in which he checks the box indicating his desire to appeal all issues listed in the SOC, but also specifies on the Form 9 arguments as to some, but not all, issues listed in the SOC." However, the Board did not give this reason for its decision. In fact, it is impossible to discern from the cursory nature of the Board decision that the Board arrived at its conclusion because the appellant did not make an argument as to each of the six issues listed in the SOC. There is no mention in the Board decision that it considered Mr. Evans's Substantive Appeal inadequate because he did not comply with the specificity requirement as to the three disputed issues. It is impossible to determine from the Board's conclusory language that this was a basis for its decision. It is because of this fundamental deficiency in the Board's statement of reasons or bases that I would remand this Board

14

decision.

The Board decision is also inadequate because the Board did not follow established procedure when it sua sponte raised the issue of the adequacy of the appellant's Substantive Appeal form. *See* 38 C.F.R. § 20.101(d). There is no evidence in the record that the Board followed the requirements of § 20.101(d). Mr. Evans was not notified that the Board questioned the adequacy of his Substantive Appeal, and he was not allowed an opportunity to present written argument and evidence on this issue before the Board decided the issue of the adequacy of his Substantive Appeal. This Court has repeatedly held that the Secretary must comply with his own regulations. *See, e.g., Snyder v. Principi,* 15 Vet.App. 285, 291 (2001) (citing *Vitarelli v. Seaton,* 359 U.S. 535, 539-40 (1959), *Service v. Dulles,* 354 U.S. 363, 383-89 (1957), and *United States ex rel. Accardi v. Shaughnessy,* 347 U.S. 260, 265-68 (1954), for the proposition that "a federal agency is bound to follow its own regulations as long as they are in force"); *Cox v. Gober,* 14 Vet.App. 148, 152 (2000) (same); *Patton v. West,* 12 Vet.App. 272, 283 (1999); *Buzinski v. Brown,* 6 Vet.App. 360, 367 (1994). On remand, I would instruct the Board to comply with the terms of 20 C.F.R. § 20.101 to clarify Mr. Evans's intent.

I respectfully disagree with the majority's holding that if a claimant uses VA Form 9 and checks box 9.A., indicating that he wishes to appeal all of the issues listed on the SOC, then all issues listed on the SOC are on appeal to the Board. The majority holds that the Secretary waives the statutory adequacy requirements for a Substantive Appeal when he includes a box on the VA Form 9 allowing a claimant to check off that he wishes to appeal all issues listed in the SOC. Under the majority's view, the Board would be obligated to consider all the issues on appeal and to review all the issues and theories reasonably raised by the evidence of record even if the appellant had not stated a single argument.

The rationale for their broad holding is that VA Form 9 is ambiguous because it does not inform a claimant that certain issues will be deemed abandoned if the claimant fails to list errors in the RO denial of his claims. Although I share the majority's concern that procedure should not be a trap for the lay veteran, I disagree with the majority that VA Form 9 is ambiguous. The VA Form 9 is designed to enable a claimant to satisfy the statutory criteria for a Substantive Appeal. The form is clearly written, and the instructions provide sufficient detail to enable a claimant to properly

15

complete the form to satisfy both of the statutory criteria for a Substantive Appeal. Essentially, the majority faults the VA Form 9 not because it is unclear or confusing, but because it does not warn a claimant that if he does not complete the form properly, he runs the risk that his Substantive Appeal will be deemed inadequate. However, the majority points to no law that requires VA to warn claimants of the legal consequences that arise if they fail to properly complete the VA Form 9.

Additionally, although we held in *Percy v. Shinseki,* 23 Vet.App. 37, 47-48 (2009), that the Board has the power to waive the timeliness and sufficiency requirements for a Substantive Appeal, the Court did so after considering VA's conduct in handling Mr. Percy's claim. The Court held that by treating the appellant's issue of a rating increase as though it had been properly appealed for more than five years, during which time "VA engaged in substantive and procedural development, scheduled hearings on the matter, and took testimony on the matter," VA waived any objection it might have had to the timeliness and adequacy of the appellant's Substantive Appeal. *Id*. at 47. Here, the majority does not explain how the rather extraordinary facts of *Percy* are presented by this appeal. Under the majority's approach, the mere fact that a claimant used a VA Form 9 to file his Substantive Appeal is a sufficient reason to find that the Secretary waived the specificity requirement of the Substantive Appeal. Thus, the majority essentially holds that the Secretary waives the specificity requirement in every case in which a claimant uses a VA Form 9, but the majority has pointed to no evidence of such an intent by the Secretary. Thus, I must respectfully dissent.

16

Form Approved: OMB No. 2900-0085 Respondent Burden: 1 Hour

# APPEAL TO BOARD OF VETERANS' APPEALS

**Department of Veterans Aff**

IMPORTANT: Read the attached instructions before you fill this form. VA also encourages you to get assistance from your representative in filling out this form.

| 1. LAST NAME - FIRST NAME - MIDDLE NAME OF VETERAN (Type or print) | 2. CLAIM FILE NO. (Include prefix) | 3. INSURANCE FILE NO., OR LOAN NO. (If pertinent) |
|---|---|---|
| Evans, James I.. | | |

4. I am the: ☒ VETERAN ☐ VETERAN'S WIDOW/ER ☐ VETERAN'S CHILD ☐ VETERANS PARENT
☐ OTHER (Specify)

**RECEIVED 04 OCT 29 AM 2: 34 VANGERIOUS CITY, FL**

| 5. TELEPHONE NUMBERS | | 6. MY ADDRESS IS: |
|---|---|---|
| A. HOME (Include Area Code | B. WORK (Include Area Code | |

7. IF I AM NOT THE VETERAN, MY NAME IS: (Last Name, First Name, Middle Initial)
Veteran

**8. HEARING**

IMPORTANT: Read the information about this block in paragraph 6 of the attached instructions. This block is used to request a Board of Veterans' Appeals hearing. DO NOT USE THIS FORM TO REQUEST A HEARING BEFORE A VA REGIONAL OFFICE HEARING OFFICER.

Check one (and only one) of the following boxes:

A. ☐ I DO NOT WANT A BVA HEARING.

B. ☐ I WANT A BVA HEARING IN WASHINGTON, DC.

C. ☒ I WANT A BVA HEARING AT A LOCAL VA OFFICE BEFORE A MEMBER, OR MEMBERS, OF THE BVA.
(Not availble at Washington, DC, or Baltimore, MD. Regional Offices.)

**9. THESE ARE THE ISSUES I WANT TO APPEAL TO THE BVA:** (Be sure to read the information about this block in paragraph 6 of the attached instructions.)

A. ☒ I WANT TO APPEAL ALL OF THE ISSUES LISTED ON THE STATEMENT OF THE CASE AND ANY SUPPLEMENTAL STATEMENTS OF THE CASE THAT MY LOCAL VA OFFICE SENT TO ME.

B. ☐ I HAVE READ THE STATEMENT OF THE CASE AND ANY SUPPLEMENTAL STATEMENT OF THE CASE I RECEIVED. I AM ONLY APPEALING THESE ISSUES: (List below.)

Issue # 1. Denial of increase on service connected fractured distal fibular shaft.
Issue # 2. Denial of service connection for back injury disability.
Issue # 6. Denial of service connection for residuals collapsed lung.

**10. HERE IS WHY I THINK THAT VA DECEIDED MY CASE INCORRECTLY:** (Be sure to read the information about this block in paragraph 6 of the attached instructions.)

Issue # 1. Denial of increase on service connected residuals of fractured distal fibular shaft. I feel the RO has made an error in not increasing this disability. I am on a cane, and I do have loss of range of motion, and constant pain with medications and feel I should be rated a higher percentage from current 0 %.

Issue # 2. Denial of service connection for back injury disability. The service medical records state I was seen in the service for a back injury after a car accident. I see no mention of In-Patient medical records from Silas B. Hayes Army Hospital, Fort Ord, California to show I was treated for this condition just after the accident. I asked in the duty to assist letter for the RO to obtain those records in support of my claim. I feel the RO made an error and not giving me the benefit of the doubt as I was treated for the back injury in service, and should be approved for service connection.

Issue # 6. Denial of service connection for residuals of collapsed lung. I feel the RO made an error on denial as this relates to Issue # 2, due to the car accident in service, and then admission for this accident to Silas B. Hayes Army Hospital I was treated for chest injuries, and for a collapsed lung. I feel this should be approved for service connection.

NOV 03 2004 INITIAL
NOP PEND
FINAL

*(Continue on the back, or attach sheets of paper, if you need more space.)*

| 11. SIGNATURE OF PERSON MAKING THIS APPEAL | 12. DATE | 13. SIGNATURE OF APPOINTED REPRESENTATIVE, IF ANY (Not requred if signed by appellant. See paragraph 6 of the instructions.) | 14. DATE |
|---|---|---|---|
| | 10/29/04 | | |

VA FORM
JAN 1996(RS) **9**

Form Approved: OMB No. 2900-0085
Respondent Burden: 1 Hour

| **Department of Veterans Affairs** | # APPEAL TO BOARD OF VETERANS' APPEALS |

***IMPORTANT:*** *Read the attached instructions before you fill out this form. VA also encourages you to get assistance from your representative in filling out this form.*

| 1. NAME OF VETERAN *(Last Name, First Name, Middle Initial)* | 2. CLAIM FILE NO. *(Include prefix)* | 3. INSURANCE FILE NO., OR LOAN NO. |

4. I AM THE:

☐ VETERAN    ☐ VETERAN'S WIDOW/ER    ☐ VETERAN'S CHILD    ☐ VETERAN'S PARENT

☐ OTHER *(Specify)*

| 5. TELEPHONE NUMBERS | 6. MY ADDRESS IS: *(Number & Street or Post Office Box, City, State & ZIP Code)* |
| A. HOME *(Include Area Code)* | B. WORK *(Include Area Code)* | |

7. IF I AM NOT THE VETERAN, MY NAME IS:
*(Last Name, First Name, Middle Initial)*

8. HEARING

***IMPORTANT:*** *Read the information about this block in paragraph 6 of the attached instructions. This block is used to request a Board of Veterans' Appeals hearing. DO NOT USE THIS FORM TO REQUEST A HEARING BEFORE A VA REGIONAL OFFICE HEARING OFFICER.*
*Check one (and only one) of the following boxes:*

A. ☐ I DO NOT WANT A BVA HEARING.

B. ☐ I WANT A BVA HEARING IN WASHINGTON, DC.

C. ☐ I WANT A BVA HEARING AT A LOCAL VA OFFICE BEFORE A MEMBER, OR MEMBERS, OF THE BVA.
*(Not available at Washington, DC, or Baltimore, MD, Regional Offices.)*

9. THESE ARE THE ISSUES I WANT TO APPEAL TO THE BVA: *(Be sure to read the information about this block in paragraph 6 of the attached instructions.)*

A. ☐ I WANT TO APPEAL ALL OF THE ISSUES LISTED ON THE STATEMENT OF THE CASE AND ANY SUPPLEMENTAL STATEMENTS OF THE CASE THAT MY LOCAL VA OFFICE SENT TO ME.

B. ☐ I HAVE READ THE STATEMENT OF THE CASE AND ANY SUPPLEMENTAL STATEMENT OF THE CASE I RECEIVED. I AM ONLY APPEALING THESE ISSUES: *(List below.)*

10. HERE IS WHY I THINK THAT VA DECIDED MY CASE INCORRECTLY: *(Be sure to read the information about this block in paragraph 6 of the attached instructions.)*

*(Continue on the back, or attach sheets of paper, if you need more space.)*

| 11. SIGNATURE OF PERSON MAKING THIS APPEAL | 12. DATE | 13. SIGNATURE OF APPOINTED REPRESENTATIVE, IF ANY *(Not required if signed by appellant. See paragraph 6 of the instructions.)* | 14. DATE |

We are required by law to give you the information in this box.  Instructions for filling out the form follow the box.

**RESPONDENT BURDEN:**  VA may not conduct or sponsor, and the respondent is not required to respond to, this collection of information unless it displays a valid Office of Management and Budget (OMB) Control Number.  The information requested is approved under OMB Control Number (2900-0085). Public reporting burden for this collection of information is estimated to average one hour per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.  Send comments regarding this burden estimate or any other aspects of this collection, including suggestions for reducing this burden,  to VA Clearance Officer (045A4), 810 Vermont Ave., NW, Washington, DC  20420.  **DO NOT** send requests for benefits to this address.

**PRIVACY ACT STATEMENT:** Our authority for asking for the information  you  give  to  us  when you fill out this form is 38 U.S.C. 7105(d)(3), a Federal statute that sets out the requirement for you to file a formal appeal to complete your appeal on a VA benefits determination.  You use this form to present your appeal to the Board of Veterans' Appeals (BVA).  It is used by VA in processing your appeal and it is used by the BVA in deciding your appeal.  Providing this information to VA is voluntary, but if you fail to furnish this information VA will close your appeal and you may lose your right to appeal the benefit determinations you told us you disagreed with.  The Privacy Act of 1974 (5 U.S.C. 552a) and VA's confidentiality statue (38 U.S.C. 5701), as implemented by 38 C.F.R. 1.526(a) and 1.576(b), require individuals to provide written consent before documents or information can be disclosed to third parties not allowed to receive records or information under any other provision of law.  However, the law permits VA to disclose the information you include on this form to people outside of VA in some circumstances.  Information about that is given in notices about VA's "systems of records" that are periodically published in the *Federal Register* as required by the Privacy Act of 1974.  Examples of situations in which the information included in this form might be released to individuals outside of VA include release to the United States Court of Veterans Appeals, if you later appeal the BVA's decision in your case to that court; disclosure to a medical expert outside of VA, should VA exercise its statutory authority under 38 U.S.C. 5109 or 7109, to ask for an expert medical opinion to help decide your case; disclosure to law enforcement personnel and security guards in order to alert them to the presence of a dangerous person; disclosure to law enforcement agencies should the information indicate that there has been a violation of law; disclosure to a congressional office in order to answer an inquiry from the congressional office made at your request; and disclosure to Federal government personnel who have the duty of inspecting VA's records to make sure that they are being properly maintained.  See the *Federal Register* notices described above for further details.

## INSTRUCTIONS

**1.  CONSIDER GETTING ASSISTANCE:**  We have tried to give you the general information most people need to complete this form in these instructions, but the law about veterans' benefits can be complicated.  If you have a representative, we encourage you to work with your representative in completing this form.  If you do not have a representative, we urge you to consider getting one.  Most people who appeal to the Board of Veterans' Appeals (BVA) do get a representative.  Veterans' Service Organizations (VSOs) will represent you at no charge and most people (more than 80 percent) are represented by VSOs. Under certain circumstances, you may pay a lawyer or "agent" to represent you. (See the references in paragraph 9.)  Your local VA office can provide you with information about VSOs who are willing to represent you and forms that you will need to complete to appoint either a VSO or an attorney to represent you.  Your local bar association may be able to provide you with the names of attorneys who specialize in veterans' law.  VA has an 800 number that you can call for assistance:  1-800-827-1000.  There are also a few agents recognized by VA who can represent claimants.

**2.  WHAT IS THIS FORM FOR?**  You told your local VA office that you disagreed with some decision it made on your claim for VA benefits, called filing a "Notice of Disagreement."  That office then mailed you a "Statement of the Case" (SOC) that told you why and how it came to the decision that it did.  After you have read the SOC, you must decide if you want to go ahead and complete your appeal so that the BVA will review your case.  If you do, you or your representative must fill out this form and file it with VA.  "Filing" means delivering the completed form to VA in person or by mailing it to VA.  Paragraph 4 tells you how much time you have to file this form and paragraph 7 tells you where you file it.

When we refer to "your local VA office" in these instructions, we mean the VA Regional Office that sent you the "Statement of the Case" or, if you have moved out of the area served by that office, the VA Regional Office that now has your VA records.

**3.  DO I HAVE TO FILL OUT THIS FORM AND FILE IT?**  Fill out this form and file it with VA *if* you want to complete your appeal.  If you do not, VA will close your appeal without sending it to the BVA for a decision.  If you decide that you no longer want to appeal after you have read the SOC, you don't have to do anything.

**4.  HOW LONG DO I HAVE TO COMPLETE THIS FORM AND FILE IT?**  Under current law, there are three different ways to calculate how much time you have to complete and file this form.  The one that applies to you is the one that gives you the *most* time.

(a) You have one year from the day your local VA office mailed you the notice of the decision you are appealing.

(b) You have 60 days from the day that your local VA office mailed you the SOC.

(c) Your local VA office may have sent you an update to the SOC, called a "Supplemental Statement of the Case" (SSOC).
Under an opinion by VA's General Counsel, if that SSOC discusses evidence in your case that VA received within the
one-year period described in paragraph 4(a) of these instructions, above, and if you have not already filed this form, then you
have at least 60 days from the time your local VA office mailed you the SSOC to file it even though the one-year period
has already expired.

There is one special kind of case, called a "simultaneously contested claim," where you have 30 days to file this form instead of the longer time periods described above. A "simultaneously contested claim" is a case where two different people are asking for the same kind of VA benefit and one will either lose, or get less, if the other wins. If you are not sure whether this special exception applies, ask your representative or call your local VA office.

If you have *any* questions about the filing deadline in your case, ask your representative or your local VA office. **Filing on time is very important. Failing to file on time could result in you losing your right to appeal.**

**5. WHAT IF I NEED MORE TIME?** If you need more time to complete this form and file it, write to your local VA office, explaining why you need more time. *You must file your request for more time with your local VA office before the normal time for filing this form runs out.* If you file by mail, VA will use the postmark date to decide whether you filed the form, or the request for more time to file it, on time.

**6. WHAT KIND OF INFORMATION DO I NEED TO INCLUDE WHEN I FILL OUT THE FORM?** While most of the form is easy to understand, we will go through the blocks where you might need some additional information.

**Block 3.** If your appeal involves an insurance claim or some issue related to a VA home loan, enter your VA insurance or VA loan number here. For most kinds of cases, you will leave this block blank.

**Blocks 4-7.** These blocks are for information about the person who is filing this appeal. If you are a representative filling out this form for the person filing the appeal, fill in the information about that person, not yourself. Block 7 can be left blank if the person filing the appeal is the veteran.

**Block 8.** It is very important for you to check one, *and only one,* of the boxes in block 8. This lets us know whether or not you want an opportunity to appear personally before one or more members of the BVA to give them information about your case, and, if so, where you want to appear. *If you do not check one of the boxes, BVA will assume that you DO NOT want a BVA hearing.*

If you ask for a hearing, you and your representative (if you have one) can tell us why you think the BVA should act favorably on your appeal (present argument). You can also tell us about the facts behind your claim and you can bring others (witnesses) to the hearing who have information to give the BVA about your case. At your option, you can submit more evidence at a hearing requested on this form. If you do ask for a hearing, it can be very helpful to have a representative assist you at the hearing.

Here is specific information about each of the check boxes in block 8.

**Box A:** You may feel that you have already sent VA everything the BVA will need to decide your case. It is not necessary for you to have a hearing for BVA to decide your appeal. Check this box if you decide that you *do not* want a hearing. *If you check this box, do not check any of the other boxes in block 8.*

**Boxes B and C:** Check box B **or** box C if you want to appear in person before a member, or members, of the BVA to present your case. We have provided two different boxes because you can have your BVA hearing in one of two different places. You can have your hearing at the BVA's offices in Washington, DC, or you can ask for a BVA hearing at your local VA office. In making your decision, you should know that VA cannot pay any expenses you (or your representative or witnesses) incur in connection with attending a hearing. Having your BVA hearing at your local VA office is usually less expensive for you, because you won't have as much expense for travel for yourself, your witnesses, and your representative. On the other hand, it sometimes takes longer to get your case added to the calendar for BVA hearings at local VA offices because BVA members conduct hearings in the field only during special trips. You can check with your local VA office to get an estimate of how long it may be before your case could be scheduled for a BVA hearing there.

*Note: The BVA has initiated a new program for conducting hearings electronically. This permits BVA member(s) sitting in Washington, DC, to hold a hearing with you at your local VA office. Each hears the other through teleconferencing, or hears and sees the other through videoconferencing. We have not provided a check box for this kind of hearing, because this new kind of hearing is only available at a few VA Regional Offices. If you are interested in this kind of hearing, contact your local VA office to see if it is available in your area and inquire about procedures*

**HEARING OFFICER HEARINGS:** A hearing before a local VA hearing officer, instead of before a member of the BVA, is not a BVA hearing. You can request a local hearing officer hearing by writing directly to the regional office. DO NOT use this form to request that kind of hearing. If you do, it will delay your appeal. You should also know that requesting a hearing before a local VA hearing officer does not extend the time for filing this form.

**Block 9.** Save what you want to tell us about *why* you are appealing for the next block. This is the block where you tell us exactly *what* you are appealing. You do this by identifying the "issues" you are appealing. Your local VA office has tried to accurately identify the issues and has listed them on the SOC and any SSOC it sent you.

If you think that your local VA office has correctly identified the issues you are appealing and, after reading the SOC and any SSOC you received, you still want to appeal its decisions on *all* those issues, check the first box in block 9. *Do not check the second box if you check the first box.*

Check the second check box in block 9 if you only want to continue your appeal on some of the issues listed on the SOC and any SSOC you received. List the specific issues you want to appeal in the space under the second box. While you should not use this form to file a new claim or to appeal new issues for the first time, you can also use this space to call the BVA's attention to issues, if any, you told your local VA office in your Notice of Disagreement you wanted to appeal that are not included in the SOC or a SSOC. If you want to file a new claim, or appeal new issues (file a new Notice of Disagreement), do that in separate correspondence.

**Block 10.** Use this block to tell us *why* you disagree with the decision made by your local VA office. Tie your arguments to the issues you identified in block 9. Tell us what facts you think VA got wrong and/or how you think VA misapplied the law in your case. Try to be specific. If you are appealing a rating percentage your local VA office assigned for one or more of your service-connected disabilities, tell us *for each service-connected disability rating you have appealed* what rating would satisfy your appeal (The SOC, or SSOC, includes information about what disability percentages can be assigned for each disability under VA's "Rating Schedule.") You may want to refer to the specific items of evidence that you feel support your appeal, but you do not have to describe all of the evidence you have submitted. The BVA will have your complete file when it considers your case. You should not attach copies of things you have already sent to VA.

If you need more space to complete block 10, you can continue it on the back of the form and/or you can attach sheets of paper to the form. If you want to complete this part of the form using a computer word-processor, you may do so. Just attach the sheets from your printer to the form and write "see attachment" in block 10.

**Block 11.** This form can be signed and filed by *either* the person appealing the local VA decision, or by his or her representative. Sign the form in block 11 if you are the person appealing, or if you are a guardian or other properly appointed fiduciary filing this appeal for someone else. In cases where an incompetent person has no fiduciary, or the fiduciary has not acted, that person's "next friend," such as a family member, can sign and file this form. If the representative is filing this form, this block can be left blank. Regardless of who signs the form, we encourage you to have your representative check it over before it is filed. Place the date you sign in block 12.

**Block 13.** If you are a representative filing this form for the appellant, sign here. Otherwise, leave this block blank. If you are an accredited representative of a veterans' service organization (VSO), also insert the name of the VSO in this block. Note that signing this form will not serve to appoint you as the appellant's representative. Contact your local VA office if you need information on appointment. Place the date you sign in block 14.

**7. WHERE DO I FILE THE FORM ONCE I HAVE COMPLETED IT?** When you have completed the form, signed and dated it, send it to the VA office that has your records. Unless you have recently moved outside the area that it serves, this is the office whose address is at the top of the letter VA sent you with the SOC.

**8. OTHER SOURCES OF INFORMATION:** You can get information about the VA appeal process written in informal language by asking your local VA office for a copy of a pamphlet called "Understanding the Appeal Process." For more detailed technical information about the VA appeal process, see the BVA's Rules of Practice. You will find them in Part 20 of Title 38 of the Code of Federal Regulations (C.F.R.). Many local public libraries have the C.F.R., or the library staff may be able to tell you where you can locate a copy. If you have a representative, your representative may have a copy of the C.F.R. A great deal of information is available on the Internet at "http://www.va.gov." (Do not include the quotation marks or the final period when typing in the Internet address.)

**9. SPECIAL NOTE FOR ATTORNEYS AND VA ACCREDITED AGENTS.** There are statutory and regulatory restrictions on the payment of your fees and expenses and requirements for filing copies of your fee agreement with your client with VA. *See* 38 U.S.C. 5904 and 38 C.F.R. 20.609-.610.

*NOTE: Please separate these instructions from the form at the perforation before you file the form with VA. We suggest that you keep these instructions with your other papers about your appeal for future reference.*