# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 08-2133

JAMES I. EVANS, APPELLANT,

V.

ERIC K. SHINSEKI,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

On Appeal from the Board of Veterans' Appeals

(Decided  August 4, 2011)

*Kenneth L. LaVan*, with whom *Dianne E. Olson*, both of Fort Lauderdale, Florida, was on the pleadings for the appellant.

*Will A. Gunn,* General Counsel; *R. Randall Campbell*, Assistant General Counsel; *Edward V. Cassidy*, *Jr.*, Deputy Assistant General Counsel, and *Christopher O. Adeloye,* all of Washington, D.C., for the appellee.

Before MOORMAN, LANCE, and SCHOELEN, *Judges.*

MOORMAN, *Judge*, filed the opinion of the Court.  LANCE, *Judge*, filed a dissenting opinion.

MOORMAN, *Judge*:  The appellant, James I. Evans, through counsel, appeals an April 17, 2008, Board of Veterans' Appeals (Board) decision that denied his claim of entitlement to service connection for the residuals of a collapsed lung, remanded his claims of entitlement to service connection for a back disorder and to a compensable evaluation for residuals of a fractured distal left fibular shaft, and effectively dismissed his claims for asbestos exposure, hepatitis B, and hepatitis C.  Record (R.) at 3-4.  On January 28, 2011, this panel issued a decision reversing in part the April 17, 2008, decision and remanding for further proceedings.  On February 16, 2011, the Secretary filed a motion for partial reconsideration of the January 28, 2011, decision.  At the Court's invitation, on March 31, 2011, the appellant filed a response in opposition to partial reconsideration.

The Court concludes that reconsideration is warranted based upon the Secretary's compelling argument that the Court's January 2011 opinion, read broadly, held that the Secretary waives his ability to dismiss claims if a claimant uses VA Form 9 and checks Box A of Block 9, indicating that

he wishes to appeal all issues listed in the Statement of the Case (SOC), and must adjudicate all issues listed in the SOC even where the evidence of record may also indicate that the claimant wished to limit his appeal to certain issues. Accordingly, the Court will grant the Secretary's motion for partial reconsideration, withdraw the Court's January 28, 2011, opinion, and issue this opinion in its stead.

This appeal is timely, and the Court has jurisdiction over the case pursuant to 38 U.S.C. §§ 7252(a) and 7266. The appellant does not present any argument concerning the denial of his claim for the residuals of a collapsed lung. Accordingly, that claim is deemed abandoned. *See Ford v. Gober*, 10 Vet.App. 531, 535 (1997). In addition, the Court will not discuss the claims remanded by the Board, as the Court does not have jurisdiction over them and the appellant makes no argument with respect to them. *See Link v. West*, 12 Vet.App. 39, 47 (1998); *Marlow v. West*, 11 Vet.App. 53, 55 (1998). For the reasons set forth below, the Court will vacate the April 17, 2008, Board decision as to its dismissal of the appellant's claims of entitlement to service connection for asbestos exposure, hepatitis B, and hepatitis C and remand those matters for further proceedings consistent with this opinion. However, the Court will dismiss the appellant's appeal as to his claims for memory loss, migraines, and plantar fasciitis that were not the subject of the Board decision on appeal.

## I. BACKGROUND

The appellant served on active duty in the U.S. Army from August 1968 until August 1970. R. at 573.

In July 2003, the appellant filed a claim with the St. Petersburg, Florida, regional office (RO), seeking entitlement to service connection for a back condition, bilateral wrist conditions, hepatitis C, carpel tunnel syndrome, a collapsed lung, drug addiction, and a lung condition due to asbestos exposure. R. at 484-85. The appellant also sought a compensable rating for his service-connected distal left fibular shaft fracture and the reopening of a previously denied claim for a forehead injury. R. at 484. At a later date, the appellant added claims for an eye condition, hepatitis B, a stab wound to the chest, and a heart condition. R. at 448, 450.

In February 2004, the RO issued a rating decision that disposed of 16 separate claims. R. at

391. Within that decision, the RO continued the appellant's noncompensable rating for his fibular shaft fracture, denied entitlement to a non-service-connected pension, and also denied reopening of the appellant's claim for the residuals of a forehead injury. R. at 391. The decision further denied entitlement to service connection for an eye condition, the residuals of a stab wound to the chest, the residuals of a collapsed lung, asbestos exposure, heart trouble, drug and alcohol addiction, hepatitis B and C, a back disability, carpal tunnel syndrome, a scar on the left wrist, and bilateral plantar fasciitis. *Id*. The appellant timely filed a Notice of Disagreement (NOD) to the RO's decision with respect to his claims for asbestos exposure, a back disability, a collapsed lung, hepatitis B and C, and his distal left fibular shaft fracture. R. at 379-84. The appellant also raised new claims for a neck condition, migraines, and memory loss. *Id*. However, the appellant did not express any disagreement with the other ten claims decided by the RO in the February 2004 decision. *Id*.

In September 2004, the RO issued an SOC with respect to the six claims referenced in the appellant's NOD. R. at 311-31. The RO also issued a rating decision with respect to the appellant's newly filed claims for a neck condition, migraines, and memory loss. R. at 334-39. The record before the Court does not reflect that the appellant filed an NOD with respect to the September 2004 rating decision; however, using a VA Form 9,[1] the appellant filed a Substantive Appeal to the Board in November 2004 concerning the "issues" outlined in the September 2004 SOC. R. at 309-10. On his Form 9, the appellant checked Box A within Block 9, which stated: "I WANT TO APPEAL ALL OF THE ISSUES LISTED ON THE STATEMENT OF THE CASE AND ANY SUPPLEMENTAL STATEMENTS OF THE CASE THAT MY LOCAL VA OFFICE SENT TO ME." R. at 309. Box B within Block 9 is to be completed *only* if the claimant is appealing *some* but not all of the issues on the SOC. *Id*. Below Box B is a space for the claimant to list the issues he wishes to appeal. Although the appellant did not check Box B within Block 9, in the space provided below Box B of Block 9 on the same Form 9, the appellant specifically listed the RO's denial of his claims for an increased rating for his service-connected fractured distal fibular shaft and denial of his claims for a back injury and residuals of a collapsed lung. *Id*.

---

[1] The appellant's VA Form 9 that was submitted by the parties as part of the record of proceedings is attached to this opinion. R. at 309. Although the printed instructions for completing the VA Form 9 were not included in the record of proceedings, the Court is attaching a copy of the full text of VA's Form 9 including those instructions. This is the same version of the form that was submitted by the appellant.

In the decision now on appeal, the Board fully addressed the three "issues" specifically outlined in the appellant's Form 9 in the blank space below Box B in Block 9 and further in Block 10; however, the Board dismissed the appellant's claims for (or issues of) asbestos exposure, hepatitis B, and hepatitis C.  The Board, in the decision on appeal, observed that the appellant had originally included these issues in his appeal.  It then stated

> However, in his October 2004 VA Form 9, the veteran stated that he was only appealing the issues of entitlement to service connection for a back disorder and residuals of a collapsed lung and for an increased evaluated (sic) for his residuals of a fractured distal left fibular shaft.  As such, the veteran has not filed a [S]ubstantive [A]ppeal for the other issues.  *See* 20 C.F.R. § 20.202.

R. at 4.


## II.  ANALYSIS

### A.  The Court's Jurisdiction

In his brief to the Court, the appellant argues that the Board erred by not adjudicating his claims of entitlement to service connection for asbestos exposure, hepatitis B, hepatitis C, memory loss, migraines, and bilateral plantar fasciitis.  Appellant's Brief (Br.) at 7.  Specifically, he asserts that the Court's caselaw required the Board to liberally read his Form 9 Substantive Appeal and to address all issues possibly raised within that appeal.  *Id*. at 20-24. The Secretary counters that the Court lacks jurisdiction over the appellant's asbestos, hepatitis, memory loss, migraine, and plantar fasciitis claims because those claims were never properly raised before the Board.  Secretary's Br. at 7.  In support of this contention, the Secretary argues that, under 38 U.S.C. § 7105(d)(5), 38 C.F.R. § 20.202, and this Court's caselaw, the Board was free to dismiss claims where the appellant did not allege some error committed by the RO.  *Id*. at 7-10.

The Court's appellate jurisdiction derives exclusively from the statutory grant of authority provided by Congress, and the Court may not extend its jurisdiction beyond that which is permitted by law.  *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 818 (1988); *see Henderson v. Shinseki*, 131 S.Ct. 1197 (2011).  Congress has established that the Court "shall have power to affirm, modify, or reverse a decision of the Board or to remand the matter, as appropriate." 38 U.S.C. § 7252(a).  Consequently, the Court's "jurisdiction is premised on and defined by the

4

Board's decision concerning the matter being appealed," and when the Board has not rendered a decision on a particular issue, the Court generally has no jurisdiction under section 7252(a) to consider the merits of the matter. *Ledford v. West*, 136 F.3d 776, 779 (Fed. Cir. 1998); *see also Howard v. Gober*, 220 F.3d 1341, 1344 (Fed. Cir. 2000). Nonetheless, the Court exercises de novo review over Board determinations that are critical to its jurisdiction. *See Stokes v. Derwinski*, 1 Vet.App. 201, 203-204 (1991) (finding that the Court may find facts "crucial to the proper determination of whether this Court has jurisdiction"); *see also Butts v. Brown*, 5 Vet.App. 532, 539 (1993) (en banc) (Court reviews "questions of law de novo without any deference to the [Board's] conclusions of law"). The Court reviews do novo whether a document constitutes a Substantive Appeal. *Gibson v. Peake*, 22 Vet.App. 11, 15 (2007).

## 1. *Claims (Issues) Dismissed by the Board*

The Court has the power to review the Board's refusal to exercise its jurisdiction. *Butts*, *supra*. In this case, the Court has jurisdiction to determine whether the Board acted properly in dismissing the appellant's claims for asbestos exposure, hepatitis B, and hepatitis C pursuant to 38 U.S.C. § 7105 and VA's implementing regulation, 38 C.F.R. § 20.202. For the reasons discussed below, the Court concludes that the Board failed to provide an adequate statement of reasons or bases for its conclusion that the appellant had not filed a Substantive Appeal on three of the six issues that were identified on his NOD and the RO's SOC.

Pursuant to section 7105, the filing of an NOD initiates appellate review in the VA administrative adjudication process, and the request for appellate review is completed by the claimant's filing of a Substantive Appeal, after an SOC is issued by VA. 38 U.S.C. § 7105(a), (d)(1), (d)(3); see *Archbold v. Brown*, 9 Vet.App. 124, 132 (1996); *Rowell v. Principi*, 4 Vet.App. 9, 14 (1993). The statute states in relevant part that

> Copies of the "statement of the case" prescribed in paragraph (1) of this subsection will be submitted to the claimant and to the claimant's representative. . . . The claimant will be afforded a period of sixty days from the date the statement of the case is mailed to file the formal appeal. This may be extended for a reasonable period on request for good cause shown. The appeal should set out specific allegations of error of fact or law, such allegations related to specific items in the statement of the case. The benefits sought on appeal must be clearly identified.

38 U.S.C. § 7105(d)(3). It is well established that the Board must review all issues and theories that

are reasonably raised by the claimant or the evidence of record. *See generally Robinson v. Peake*, 21 Vet.App. 545 (2008) aff'd sub nom. *Robinson v. Shinseki*, 557 F.3d 1355 (Fed. Cir. 2009); *see also Jarrell v. Nicholson*, 20 Vet.App. 326, 331-32 (2006) (en banc); *Myers v. Derwinski*, 1 Vet.App. 127 (1991).

The issue before the Court is whether the Board erred in determining that a claimant limits his appeal to certain specified issues when he files a VA Form 9 in which he checks the box indicating his desire to appeal "ALL OF THE ISSUES LISTED ON THE [SOC]", but also specifies on the Form 9 arguments as to some, but not all, issues listed in the SOC.

The September 2004 SOC covered the following six issues: (1) an increased rating for the appellant's service-connected residuals of a fractured distal left fibular shaft, (2) service connection for a back disability, (3) service connection for asbestos exposure, (4) service connection for hepatitis B, (5) service connection for hepatitis C, and (6) service connection for the residuals of a collapsed lung. R. at 313. In response to the SOC, the appellant submitted a Substantive Appeal in the form of a VA Form 9, on which he checked Box A of Block 9 indicating that he wanted to appeal "ALL OF THE ISSUES" stated in the SOC. R. at 309. However, on that same VA Form 9 in the white space below Box B (which he did not check) within Block 9, the appellant specifically listed the RO's denial of his claims for an increased rating for his service-connected fractured distal fibular shaft and denial of service connection for a back injury and collapsed lung. *Id*.

This Form 9 was accepted as a Substantive Appeal, and the appellant's case went before the Board.[2] In May 2005, the appellant's representative from a veterans service organization submitted a letter listing distal fibular shaft, back injury, and collapsed lung as the "[i]ssues [p]resented for [r]eview." R. at 302. In January 2008, the appellant presented testimony at a Board hearing. R. at 124-152. At the outset of the hearing, the hearing officer, without further explanation, stated that: "In our prehearing conference we determined that we have three issues on appeal today, those being entitlement to service connection for a back disability, service connection for residuals of a collapsed lung, and entitlement to a compensable (increased) evaluation for residuals of a fracture of the left

[2]The record before the Court does not contain any evidence of whether all or only three of the six issues listed in the September 2004 SOC were certified by the RO as on appeal to the Board. *See* 38 C.F.R. § 19.35 (2011) (providing that a VA Form 8 "'Certification of Appeal' . . . is used for administrative purposes and does not serve to either confer or deprive the Board . . . of jurisdiction over an issue").

distal fibular tip/shaft. Is that the correctly stated issues?" The appellant replied, "That's correct." R. at 125. The hearing officer then concluded the hearing by asking the appellant: "Is there anything that you would like to add at this time that you don't feel that we've discussed with regard to your back, your lungs or, essentially, your left ankle?" R. at 151. The appellant declined to add anything. *Id*.

In its April 2008 decision, the Board made no further mention of this dialog nor of the "prehearing conference" in reaching the conclusion that the appellant had limited his appeal to solely those three issues being discussed at the hearing. Notably, any statements made at the "prehearing conference" are not a part of the record before this Court. The Board noted that

> the veteran's appeal had originally included the issues of entitlement to service connection for asbestos exposure, hepatitis B, and hepatitis C. However, in his October 2004 VA Form 9, the veteran stated that he was only appealing the issues of entitlement to service connection for a back disorder and residuals of a collapsed lung and for an increased evaluat[ion] for his residuals of a fractured distal left fibular shaft. As such, the veteran has not filed a [S]ubstantive [A]ppeal for the other issues. *See* 38 C.F.R. § 20.202. Accordingly, the issues of asbestos exposure, hepatitis B, and hepatitis C no longer remain in appellate status and no further consideration is required.

R. at 4.

The Board's decision to dismiss the veteran's appeal as to three issues relied on VA regulation 38 C.F.R. § 20.202 (Rule 202. Substantive Appeal). That regulation cites as its statutory authority, 38 USC § 7105 (d)(3)-(5). Both are important to this decision. This Court has addressed both of these provisions previously, noting that the language used in section 7105(d)(5) ("may dismiss") is permissive in nature and merely allows the Board the latitude to dismiss appeals under certain conditions. *Gomez v. Principi*, 17 Vet.App. 369, 372 (2003). However, dismissal is not mandated in any case. It is helpful here to start with the provisions of Rule 202, which implements section 7105:

> A Substantive Appeal consists of a properly completed VA Form 9, "Appeal to Board of Veterans' Appeals," or correspondence containing the necessary information. If the Statement of the Case and any prior Supplemental Statements of the Case addressed several issues, the Substantive Appeal must either indicate that the appeal is being perfected as to all of those issues or must specifically identify the issues appealed. The Substantive Appeal should set out specific arguments relating

to errors of fact or law made by the agency of original jurisdiction in reaching the determination, or determinations, being appealed. To the extent feasible, the argument should be related to specific items in the Statement of the Case and any prior Supplemental Statements of the Case. The Board will construe such arguments in a liberal manner for purposes of determining whether they raise issues on appeal, but the Board *may dismiss* any appeal which fails to allege specific error of fact or law in the determination, or determinations, being appealed. The Board will not presume that an appellant agrees with any statement of fact contained in a Statement of the Case or a Supplemental Statement of the Case which is not specifically contested. Proper completion and filing of a Substantive Appeal are the last actions the appellant needs to take to perfect an appeal.

38 C.F.R. § 20.202 (2004 & 2010) (emphasis added).

The regulation states in pertinent part that the Substantive Appeal "should set out specific arguments" and "to the extent feasible, the arguments should be related to specific items in the [SOC]." The regulation further states: "The Board will construe such arguments in a liberal manner for purposes of determining whether they raise issues on appeal" while noting that the "Board may dismiss any appeal which fails to allege specific errors of fact or law . . . ." *Id*. In this portion of the regulation, the Board is directed to assume the affirmative obligation of construing the arguments in a liberal (pro-veteran) manner. And, the regulation only then notes the permissive option of dismissal if "any appeal. . . fails to allege specific error."

The problem in the case before the Court is that the appellant created an ambiguity by checking the box in Block 9 indicating that he wanted to appeal all of the issues identified in the SOC and also inserted in the same Block 9 specific mention of three specific issues. This created a situation not contemplated by the instructions accompanying this form. The instructions for completion of Block 9 stated the following:

> Block 9. Save what you want to tell us about *why* you are appealing for the next block. This is the block where you tell us exactly *what* you are appealing. You do this by identifying the "issues" you are appealing. Your local VA office has tried to accurately identify the issues and has listed them on the SOC and any SSOC it sent you.
>
> **If you think that your local VA office has correctly identified the issues you are appealing and, after reading the SOC and any SSOC you received, you still want to appeal its decisions on *all* those issues, check the first box in block 9. *Do not check the second box if you check the first box.***

Check the second check box in block 9 if you only want to continue your appeal on some of the issues listed on the SOC and any SSOC you received. List the specific issues you want to appeal in the space under the second box. While you should not use this form to file a new claim or to appeal new issues for the first time, you can also use this space to call the [Board's] attention to issues, if any, you told your local VA office in your Notice of Disagreement you wanted to appeal that are not included in the SOC or a SSOC. If you want to file a new claim, or appeal new issues (file a new Notice of Disagreement), do that in separate correspondence.

Attachment at 4-5 (boldface emphasis added). Thus, in completing his VA Form 9, this appellant created ambiguity in regard to the issues he was appealing. He checked Box A in Block 9, did not check Box B in Block 9 (which states an intention to appeal only certain listed issues), and then in the remaining free space in Block 9, which appears to be intended for use only in limited appeals for which Box B is checked, he inserted comments concerning only three issues.

In analyzing the circumstances presented by the ambiguity created here with respect to the Substantive Appeal, the Court notes significant principles that the Board failed to consider and apply. First, this Court has long taken the position that VA must not confine its review of a document from a pro se claimant to the four corners of the document itself. *See*, *e.g.*, *Douglas v. Derwinski*, 2 Vet.App. 435, 439 (1992) (discussing this principle in the context of a Form1-9 Substantive Appeal). Second, there is a "basic principle of the VA claims process that claims will be processed and adjudicated in an informal, nonadversarial atmosphere, and that to ensure a just outcome under this rubric VA will assist claimants in many ways." *Id*.; *EF v. Derwinski*, 1 Vet.App. 324, 326 (1991) (stating that although the arguments made in a Form 1-9 appeal to the Board often frame the nature of that appeal: "there is nothing magical about the statements actually on the 1-9 form, given the VA's non-adversarial process. The VA's statutory 'duty to assist' must extend this liberal reading to include issues raised in all documents or oral testimony submitted prior to the B[oard] decision."). In this regard, the Board has an obligation to read pro se filings liberally. *See Comer v. Peake*, 552 F.3d 1362, 1368 (Fed. Cir. 2009); *Andrews v. Nicholson*, 421 F.3d 1278, 1282-84 (Fed. Cir. 2005); *Roberson v. Principi*, 251 F.3d 1378, 1380-84 (Fed. Cir. 2001). This obligation also applies to filings made by represented appellants in their direct appeals to the Board. *Robinson v. Shinseki*, 557 F.3d 1355, 1359 (Fed. Cir. 2009).

Third, the Secretary promulgated a regulation, 38 C.F.R. § 20.101(d), directing the Board to

seek clarification from a claimant when a claimant's Substantive Appeal is ambiguous as to the issues raised on appeal.  This regulation provides:

> The Board may address questions pertaining to its jurisdictional authority to review a particular case, including, but not limited to, determining whether . . . Substantive Appeals are adequate . . ., at any stage in a proceeding before it, regardless of whether the agency of original jurisdiction addressed such question(s).  When the Board, on its own initiative, raises a question as to a potential jurisdictional defect, all parties to the proceeding and their representative(s), if any, will be given notice of the potential jurisdictional defect(s) and granted a period of 60 days following the date on which such notice is mailed to present written argument and additional evidence relevant to jurisdiction and to request a hearing to present oral argument on the jurisdictional question(s). . . .

38 C.F.R. § 20.101(d).[3]  Rather, the Board determined, on its own initiative and without notice to the appellant, that: "the veteran has not filed a [S]ubstantive [A]ppeal for the other issues.  *See* 38 C.F.R. § 20.202.  Accordingly, the issues of asbestos exposure, hepatitis B, and hepatitis C no longer remain in appellate status and no further consideration is required."  R. at 4.  VA's own regulations, let alone a veteran-friendly, non-adversarial process, do not permit the Board *ab initio* to dismiss certain issues within an appeal without first affording the appellant the benefit of the procedure mandated by 38 C.F.R. § 20.101(d): to provide notice of the Board's perceived defect in the Substantive Appeal created by a claimant's response on the Form 9 and an opportunity to present argument and/or evidence on the issue of the adequacy of the Substantive Appeal.

On the facts of this case, where the appellant completed a VA Form 9 and checked Box A of Block 9 stating that "I WANT TO APPEAL ALL OF THE ISSUES LISTED ON THE STATEMENT OF THE CASE AND ANY SUPPLEMENTAL STATEMENTS OF THE CASE THAT MY LOCAL VA OFFICE SENT TO ME," but then further completed Block 9 by listing only certain issues, the Board's unexplained statement that the appellant had limited his appeal by the manner in which he completed his VA Form 9 constitutes error.  It fails to adequately provide reasons or bases for the dismissal of the remaining issues.  Faced with the ambiguity created by the appellant in the Substantive Appeal, the veteran-friendly process requires VA at the RO or Board to seek clarification and communicate with the appellant as to any perceived concern about how the

---

[3] In *Percy v. Shinseki*, 23 Vet.App. 37, 45 (2009), this Court held that the statutory period with regard to filing a Substantive Appeal is discretionary and the time frame is not appropriately deemed "jurisdictional."

appellant had filled out the Form 9. Indeed, such action would be consistent with VA's obligation under § 20.101(d).

However, the record before the Court contains no evidence of any effort by VA to clarify whether the appellant was appealing all the issues in the SOC or only three issues. The Board failed to comply with VA's own procedural requirements found in 38 C.F.R. § 20.101(d). This failure to notify the appellant here was prejudicial to the appellant because the appellant had no opportunity, *prior to* the Board decision, to present argument and/or evidence in support of his position with respect to what issues he was appealing and any errors in the RO's adjudication of those issues. The Board summarily declared that the appellant "stated that he was only appealing the issues of entitlement to service connection for a back disorder and residuals of a collapsed lung and for an increased evaluat[ion] for his residuals of a fractured distal left fibular shaft." R. at 4. Yet, no such statement from the appellant can be found on any portion of the Form 9. *See* R. at 309.

The Court notes that the VA Form 9, Block 9, containing two apparently mutually exclusive options, together with sufficient white space that a person checking Box A in Block 9 might also add additional information in that block, invites ambiguity in a claimant's response. That is precisely the ambiguity we deal with today. However, after the filing of this Form 9, the Board and the appellant were not powerless to limit the issues on appeal in this case. As noted above, the Board could have resolved any ambiguity by providing notice to the appellant of any potential defect in his Substantive Appeal "at any stage in a proceeding before [the Board]." 38 C.F.R. § 20.101(d). Further, the Secretary has specifically provided procedures for a withdrawal of an entire appeal or issues within an appeal, which procedures specifically require that the withdrawal be in writing. 38 C.F.R. § 20.204. Thus, the issues on appeal could have been limited if the record was clear that the appellant wished to do so. However, there is nothing in the record before the Court to make it clear that the Board hearing officer informed the appellant that the manner in which he had completed his VA Form 9 might lead to a conclusion that only three issues were on appeal.

The Secretary argues that the legislative and regulatory history of 38 U.S.C. § 7105 and 38 C.F.R. § 20.202 show that Congress never intended to relieve the claimant of the burden of "identify[ing] issues they wish to appeal and assert[ing] specific error in the administrative decision." Secretary's Motion for Partial Reconsideration at 2-8. He further argues that VA is not obligated to

11

inform the claimant that certain issues will be deemed abandoned on appeal upon the claimant's failure to raise an assertion of error. Neither of these arguments addresses the unique circumstances before the Court, in which the appellant's completion of the VA Form 9 clearly engendered an ambiguity of which VA had a duty, under its own regulations, to notify the appellant and give him an opportunity to present written argument and additional evidence relevant to the issue, actions which may likely lead to clarification as to which matters are being appealed.

The comments received by VA during the development of regulations governing VA's treatment of issues on appeal to the Board expressed concern that the regulations granted the Secretary too much discretion to unilaterally dismiss an appeal. *See* 48 Fed. Reg. 6961, 6964 (1983), 57 Fed. Reg. 4088, 4093 (1992). In response to those concerns, VA noted that the Board

> has been, and will continue to be, very liberal in this area. This Rule of Practice also provides that "The Board will construe such arguments in a liberal manner for purposes of determining whether they raise issues on appeal . . ." and § 20.203[4] provides that appellants and representatives will be given notice and an opportunity to contest the matter when the [Board] questions the adequacy of the Substantive Appeal.

57 Fed. Reg. 4088, 4093 (1992).

As noted above, VA has a multitude of avenues available to clarify the issues on appeal that are consistent with pro-veteran, claimant-friendly claim development. The entire veterans claims adjudication process reflects the clear congressional intent to create an Agency environment in which VA is actually engaged in a continuing dialog with claimants in a paternalistic, collaborative effort to provide every benefit to which the claimant is entitled. In accordance with the Secretary's asserted position, VA not only does not engage in such a dialog, but rather need not even communicate to a veteran that he has not perfected an appeal as to certain issues he might otherwise believe are on appeal to the Board until the veteran receives that message many years later in a final Board decision. The veteran's only remaining chance to receive an *initial* Board adjudication on the merits of any issue deemed abandoned by the Board is then to request Board *reconsideration*. However, the

---

[4] In 2001, 38 C.F.R. § 20.203 was withdrawn and replaced with § 20.101(d), which permits the Board to "dismiss any case over which it determines it does not have jurisdiction." 38 C.F.R. 20.101(d); 66 Fed. Reg. 17840, 17841 (2001); 66 Fed. Reg. 53339 (2001). However, § 20.101(d) requires that the Board first provide the claimant with notice of any perceived defect of an entire Substantive Appeal and the opportunity to contest the asserted defect.

Board's standard for granting reconsideration is a burdensome standard for the veteran to meet. The Chairman of the Board or his delegate has the sole discretion to choose the decisions that will be reconsidered and limits the decision to a review to the following grounds: (a) upon allegation of obvious error of fact of law; (b) upon discovery of new and material evidence; or (c) upon allegation that an allowance of benefits by the Board has been materially influenced by false or fraudulent evidence. 38 C.F.R. § 20.1000 (2011).

The Secretary further argues that the appellant "explicitly abandoned" the issues of asbestos exposure, hepatitis B, and hepatitis C during his January 2008 hearing before the Board. Secretary's Br. at 13-14. However, it is the Board that is required to provide a complete statement of reasons or bases, and the Secretary cannot make up for its failure to do so. *See Martin v. Occupational Safety & Health Review Comm'n,* 499 U.S. 144, 156 (1991) (" '[L]itigating positions' are not entitled to deference when they are merely appellant counsel's 'post hoc rationalizations' for agency action, advanced for the first time in the reviewing court."). The Board does not discuss the January 2008 hearing in its decision. There is simply no indication that any statements that the appellant or his representative made at that January 2008 hearing influenced the Board's decision. The Secretary cannot support the Board's determination by providing reasons for the Board's decision that were not stated by the Board.

In sum, the Board's only explanation for its decision is the cursory statement that the appellant "stated" on the Form 9 that he intended to limit his appeal. A review of the appellant's Substantive Appeal indicates that he did not actually state that he was limiting his appeal to three issues. The Board's summary conclusion is inadequate because it does not provide this Court or the appellant with an explanation of how the Board considered and weighed the conflicting information on the VA Form 9. The Secretary again attempts to bolster the Board's decision by arguing that the Board exercised its discretion under § 20.202 and dismissed the appeal as to the claims for asbestos exposure, hepatitis B, and hepatitis C because the Board determined that the Substantive Appeal did not contain any specific allegations of error of fact or law regarding these claims. In doing so, the Secretary again makes a post hoc rationalization for the Board's decision. There is no mention in the Board decision that it was dismissing the appeal for this reason. The Board decision does not include any discussion of the specificity requirement of section 7105. Rather, the Board declared

13

that the appellant "stated that he was only appealing [three of the six] issues in his Substantive Appeal." The Board then concluded that the appellant limited his appeal and did not file a Substantive Appeal as to the three disputed issues.

Contrary to the Secretary's argument, it is impossible to determine from the Board's conclusory language that it determined that the Substantive Appeal was insufficient because it contained no specific allegations of error of fact or law. The Court expects that if the Board intends to dismiss an appeal for failure to comply with the specificity requirement of section 7105, the Board would clearly state this and explain the basis of its decision. Therefore, the Court finds the Secretary's argument that the Board correctly dismissed the appellant's appeal under § 20.202 unavailing. Moreover, as noted above, the Board did not discuss 38 C.F.R. § 20.101(d). These fundamental deficiencies in the Board's statement of reasons or bases require that we vacate the Board decision that the appellant did not file a Substantive Appeal and remand the matter for readjudication.

Accordingly, the Court will vacate the Board's dismissal of the issues of asbestos exposure, hepatitis B, and hepatitis C under 38 C.F.R. § 20.202 for failure to state adequate reasons or bases and for failure to comply with the Secretary's own regulations and will remand the matter for appropriate action consistent with VA's regulations. *See* 38 C.F.R. § 20.101(d); *Robinson v. Shinseki*, 557 F.3d at 1359.

2. *Claims Not Addressed by the Board*

To the extent that the appellant makes arguments concerning his claims for memory loss, migraines, and fasciitis, which were not decided by the Board, the Court has no jurisdiction to consider these claims on the merits absent a Board decision addressing them. *See Jarrell*, 20 Vet.App. at 331 (noting that the Board does not have jurisdiction over a claim until the RO first issues a decision on it); *see also* 38 U.S.C. § 7104(a). The Court notes that it is not apparent from the record that the appellant ever filed an NOD as to these claims after the RO decided them. To the extent that the appellant believes he has a pending appeal as to these claims, he should raise this issue to VA. *See DiCarlo v. Nicholson*, 20 Vet.App. 52, 55 (2006). If the Board determines that no timely NOD was filed or if it denies the claims on the merits, the appellant can appeal by filing a Notice of Appeal with the Court within 120 days of the Board's decision. 38 U.S.C. § 7266(a).

14

### B. Appellant's Merit Argument

The Court acknowledges the appellant's argument that VA did not meet its duty to assist with respect to his claim for service connection for a lung condition caused by asbestos exposure. Appellant's Br. at 24. However, as this claim has not been considered on the merits by the Board, the Court will not address this issue, but will allow the Board to consider it in the first instance. *See Maggitt v. West*, 202 F.3d 1370, 1377 (Fed. Cir. 2000) (finding that the Court "may hear legal arguments raised for the first time with regard to a claim that is properly before the court, [but] it is not compelled to do so in every instance").

Accordingly, the Court will vacate the April 17, 2008, Board decision with respect to the appellant's claims for asbestos exposure, hepatitis B, and hepatitis C and remand those matters for further proceedings consistent with this opinion. However, the appellant's appeal for service connection for memory loss, migraines, and plantar fasciitis is dismissed for lack of jurisdiction because those conditions were not the subject of the Board decision now on appeal. On remand, the appellant is free to submit additional evidence and argument, including the arguments raised in his briefs to this Court, in accordance with *Kutscherousky v. West*, 12 Vet.App. 369, 372-73 (1999) (per curiam order), and the Board must consider any such evidence or argument submitted. *See Kay v. Principi*, 16 Vet.App. 529, 534 (2002). The Board shall proceed expeditiously, in accordance with 38 U.S.C. §§ 5109B, 7112 (requiring Secretary to provide for "expeditious treatment" of claims remanded by Board or Court).

### IV. CONCLUSION

Based on the foregoing analysis, the appellant's and the Secretary's briefs, and a review of the record on appeal, the Secretary's motion for partial reconsideration is granted; the Court's January 28, 2011, opinion is WITHDRAWN; and this opinion is issued in its stead. The Board's April 17, 2008, decision is VACATED with respect to the Board's dismissal of the issues of asbestos exposure, hepatitis B, and hepatitis C, and the matters are REMANDED to the Board for further proceedings consistent with this opinion. The appeal as to the appellant's claim for service connection for memory loss, migraines, and plantar fasciitis is DISMISSED for lack of jurisdiction.

15

LANCE: *Judge*, dissenting: I believe that the Court's original opinion was correct and should stand. Therefore, I must dissent. The new majority's opinion upon reconsideration is flawed in both application and analysis. In application, the Board should not be permitted another opportunity to dismiss the claims that it did not properly dismiss the first time. I fear that in two years the Court will be reversing another improper dismissal and remanding these claims for a decision on the merits that is already overdue. More importantly, the analysis in the new opinion is hopelessly muddled and will lead to rampant confusion in future cases as to how the Board should approach these issues.

The essential flaw in this new opinion is that fails to differentiate between the requirements for a valid Substantive Appeal and the requirements for a valid withdrawal of an appeal. The result is an opinion that seriously undermines our recent en banc decision in *Ortiz v. Shinseki*, 23 Vet.App. 353 (2010) (en banc). In *Ortiz*, we clearly held that a mere expression of intent is not enough to satisfy the Substantive Appeal requirement. *Id.* at 357. Yet, the current opinion discusses the "ambiguity" as to whether the appellant intended to appeal all issues as if that mattered in determining whether the Board's dismissal was proper. It simply does not. As the majority notes, the Board decision on review held that "the veteran has not filed a [S]ubstantive [A]ppeal for the other issues." R. at 4. The correctness of this determination cannot be measured by the appellant's intent but only by examining whether the requirement to "set[] forth—however inartfully—a particular theory of error" was satisfied or waived. *Ortiz*, 23 Vet.App. at 357.

In this case, there is no question that the appellant did not offer any argument, inartful or otherwise, as to the claims in dispute. He merely checked Box A on VA Form 9, which states: "I WANT TO APPEAL ALL OF THE ISSUES LISTED ON THE STATEMENT OF THE CASE AND ANY SUPPLEMENTAL STATEMENTS OF THE CASE THAT MY LOCAL VA OFFICE SENT TO ME." R. at 309. Thus, the question of whether the Substantive Appeal requirement was satisfied turns on the issue of whether checking this box was an acceptance of an offer by the Secretary to waive the argument requirement.

In my view, the only reasonable interpretation of Box A is that it is an offer to waive the argument requirement. As a legal matter, such an interpretation is consistent with both the claimant-friendly nature of the veterans benefits system, *see Henderson v. Shinseki*, 131 S. Ct. 1197, 1200 (2011) (reiterating that VA's adjudicatory process is meant to function with a high degree of

16

informality and solicitude for the claimant), and the more general principle that ambiguity in a document should be construed against the drafter, *see E.L. Hamm & Associates*, *Inc. v. England*, 379 F.3d 1334, 1341-42 (Fed. Cir. 2004) (discussing the contract interpretation rule of *contra proferentem*, which states that ambiguity is generally construed against the drafter of a contract). As a practical matter, a veteran would be completely shocked to check this box in a case and then to receive a Board decision dismissing his appeal for failure to state an argument.

The majority opinion spends a lot of time trying to decipher the effect that should be accorded to the specific arguments that the appellant makes in box B of the form. The correct answer is none. The appellant's specific arguments cannot alter the meaning of box A. The meaning of that box is necessarily uniform in every case where that Form 9 is used and the appellant's choice to add arguments in box B cannot magically turn box A into something other than an offer to waive the argument requirement. By giving weight to the appellant's additional arguments in interpreting box A, the majority implies that the meaning of the pre-printed language in the Secretary's form is not fixed, but varies depending upon how the form is filled out. This is simply inconsistent with bedrock principles of law. *Cf. Tropf v. Nicholson*, 20 Vet.App. 317, 321 n.1 (2006) ("Without standard word meanings and rules of construction, neither Congress nor the Secretary can know how to write authorities in a way that conveys their intent and no practitioner or–more importantly–veteran can rely on a statute or regulation to mean what it appears to say."). Thus, the new majority opinion errs to the extent that the confusing new analysis implies that box A on this version of VA's Form 9 is not a waiver of the argument requirement in this case or in general.

There is arguably a separate issue of whether the appellant abandoned his appeal. As the majority opinion notes, this was not the holding of the Board decision and the Secretary is raising this issue for the first time on appeal. Slip op. at 13. That could easily be the end of the matter. Even if we were to entertain this argument, our case law is clear that the appellant's actions were not sufficient to withdraw these claims. *See Kalman v. Principi*, 18 Vet.App. 522, 524 (2004) (reversing Board finding that claimant withdrew his appeal where his statement regarding the "only issue remaining," in context, referred to resolving the location of a video hearing and not limiting the issues on appeal); *Verdon v. Brown*, 8 Vet.App. 529, 533 (1996) (setting aside Board finding that claimant withdrew his appeal where (1) the claimant's letter to his service representative stated he

17

had "come to an agreement" in regard to the disability rating for his right leg, and (2) the service representative's presentation to the Board omitted mention of the right leg rating, but (3) the presentation of the claimant's other service representative mentioned the right leg rating); *Isenbart v. Brown*, 7 Vet.App. 537, 541 (1995) (finding that, where claimant enumerated certain issues and stated that there are "no additional issues" at hearing, Court found that "these few words spoken orally" did not provide "the formality or specificity that withdrawal of [a Notice of Disagreement] requires."). Therefore, remanding this matter for the Board to provide additional reasons or bases on an issue where the record is clearly insufficient to support a finding against the appellant merely risks needless delay and an unnecessary appeal to this Court in the future.

Finally, I note that this new opinion adds some additional discussion of the Board's procedures for notifying appellants of potential jurisdictional problems and giving them an opportunity to respond. Slip op. at 12 (discussing 38 C.F.R. § 20.101(d) (2011)). Although these procedures should not be overlooked in relevant cases, procedural errors are simply irrelevant on issues where the veteran should prevail on the merits. Thus, there is no need to discuss them in this case as they merely provide another opportunity to unnecessarily prolong this matter on remand.

For these reasons, I would remand these claims with directions to the Board to decide them on the merits and I dissent from the majority's more limited remand.

# APPEAL TO BOARD OF VETERANS' APPEALS

**Department of Veterans Affairs**

IMPORTANT: Read the attached instructions before you fill this form. VA also encourages you to get assistance from your representative in filling out this form.

| 1. LAST NAME - FIRST NAME - MIDDLE NAME OF VETERAN (Type or print) | 2. CLAIM FILE NO. (Include prefix) | 3. INSURANCE FILE NO., OR LOAN NO. (If pertinent) |
|---|---|---|
| Evans, James I.. | ▊ | |

**4. I am the:** ☒ VETERAN  ☐ VETERAN'S WIDOW/ER  ☐ VETERAN'S CHILD  ☐ VETERAN'S PARENT
☐ OTHER (Specify)

| 5. TELEPHONE NUMBERS | | 6. MY ADDRESS IS: |
|---|---|---|
| A. HOME (Include Area Code | B: WORK (Include Area Code | ▊ |
| ▊ | | ▊ |

7. IF I AM NOT THE VETERAN, MY NAME IS: (Last Name, First Name, Middle Initial)
**Veteran**

**8. HEARING**

IMPORTANT: Read the information about this block in paragraph 6 of the attached instructions. This block is used to request a Board of Veterans' Appeals hearing. DO NOT USE THIS FORM TO REQUEST A HEARING BEFORE A VA REGIONAL OFFICE HEARING OFFICER.

Check one (and only one) of the following boxes:

A. ☐ I DO NOT WANT A BVA HEARING.

B. ☐ I WANT A BVA HEARING IN WASHINGTON, DC.

C. ☒ I WANT A BVA HEARING AT A LOCAL VA OFFICE BEFORE A MEMBER, OR MEMBERS, OF THE BVA.
(Not availble at Washington, DC, or Baltimore, MD. Regional Offices.)

**9. THESE ARE THE ISSUES I WANT TO APPEAL TO THE BVA:** (Be sure to read the Information about this block in paragraph 6 of the attached instructions.)

A. ☒ I WANT TO APPEAL ALL OF THE ISSUES LISTED ON THE STATEMENT OF THE CASE AND ANY SUPPLEMENTAL STATEMENTS OF THE CASE THAT MY LOCAL VA OFFICE SENT TO ME.

B. ☐ I HAVE READ THE STATEMENT OF THE CASE AND ANY SUPPLEMENTAL STATEMENT OF THE CASE I RECEIVED. I AM ONLY APPEALING THESE ISSUES: (List below.)

Issue # 1. Denial of Increase on service connected fractured distal fibular shaft.
Issue # 2. Denial of service connection for back injury disability.
Issue # 6. Denial of service connection for residuals collapsed lung.

**10. HERE IS WHY I THINK THAT VA DECEIDED MY CASE INCORRECTLY:** (Be sure to read the information about this block in paragraph 6 of the attached instructions.)

Issue # 1. Denial of Increase on service connected residuals of fractured distal fibular shaft. I feel the RO has made an error in not increasing this disability. I am on a cane, and I do have loss of range of motion, and constant pain with medications and feel I should be rated a higher percentage from current 0 %.

Issue # 2. Denial of service connection for back injury disability. The service medical records state I was seen in the service for a back injury after a car accident. I see no mention of In-Patient medical records from Silas B. Hayes Army Hospital, Fort Ord, California to show I was treated for this condition just after the accident. I asked in the duty to assist letter for the RO to obtain those records in support of my claim. I feel the RO made an error and not giving me the benefit of the doubt as I was treated for the back injury in service, and should be approved for service connection.

Issue # 6. Denial of service connection for residuals of collapsed lung. I feel the RO made an error on denial as this relates to Issue # 2, due to the car accident in service, and then admission for this accident to Silas B. Hayes Army Hospital I was treated for chest injuries, and for a collapsed lung. I feel this should be approved for service connection.

*(Continue on the back, or attach sheets of paper, if you need more space.)*

| 11. SIGNATURE OF PERSON MAKING THIS APPEAL | 12. DATE | 13. SIGNATURE OF APPOINTED REPRESENTATIVE, IF ANY (Not required if signed by appellant. See paragraph 6 of the instructions.) | 14. DATE |
|---|---|---|---|
| *[signature]* | 10/29/04 | | |

VA FORM
JAN 1998(RS)  **9**

**VA** Department of Veterans Affairs | # APPEAL TO BOARD OF VETERANS' APPEALS

**IMPORTANT:** *Read the attached instructions before you fill out this form. VA also encourages you to get assistance from your representative in filling out this form.*

| 1. NAME OF VETERAN *(Last Name, First Name, Middle Initial)* | 2. CLAIM FILE NO. *(Include prefix)* | 3. INSURANCE FILE NO., OR LOAN NO. |
|---|---|---|
| | | |

4. I AM THE:

☐ VETERAN  ☐ VETERAN'S WIDOW/ER  ☐ VETERAN'S CHILD  ☐ VETERAN'S PARENT

☐ OTHER *(Specify)*

| 5. TELEPHONE NUMBERS | 6. MY ADDRESS IS: *(Number & Street or Post Office Box, City, State & ZIP Code)* |
|---|---|
| A. HOME *(Include Area Code)*  B. WORK *(Include Area Code)* | |

7. IF I AM NOT THE VETERAN, MY NAME IS:
*(Last Name, First Name, Middle Initial)*

8. HEARING

    **IMPORTANT:** *Read the information about this block in paragraph 6 of the attached instructions. This block is used to request a Board of Veterans' Appeals hearing. DO NOT USE THIS FORM TO REQUEST A HEARING BEFORE A VA REGIONAL OFFICE HEARING OFFICER.*
*Check one (and only one) of the following boxes:*

    A. ☐ I DO NOT WANT A BVA HEARING.

    B. ☐ I WANT A BVA HEARING IN WASHINGTON, DC.

    C. ☐ I WANT A BVA HEARING AT A LOCAL VA OFFICE BEFORE A MEMBER, OR MEMBERS, OF THE BVA.
        *(Not available at Washington, DC, or Baltimore, MD, Regional Offices.)*

9. THESE ARE THE ISSUES I WANT TO APPEAL TO THE BVA: *(Be sure to read the information about this block in paragraph 6 of the attached instructions.)*

    A. ☐ I WANT TO APPEAL ALL OF THE ISSUES LISTED ON THE STATEMENT OF THE CASE AND ANY SUPPLEMENTAL STATEMENTS OF THE CASE THAT MY LOCAL VA OFFICE SENT TO ME.

    B. ☐ I HAVE READ THE STATEMENT OF THE CASE AND ANY SUPPLEMENTAL STATEMENT OF THE CASE I RECEIVED. I AM ONLY APPEALING THESE ISSUES: *(List below.)*

10. HERE IS WHY I THINK THAT VA DECIDED MY CASE INCORRECTLY: *(Be sure to read the information about this block in paragraph 6 of the attached instructions.)*

*(Continue on the back, or attach sheets of paper, if you need more space.)*

| 11. SIGNATURE OF PERSON MAKING THIS APPEAL | 12. DATE | 13. SIGNATURE OF APPOINTED REPRESENTATIVE, IF ANY *(Not required if signed by appellant. See paragraph 6 of the instructions.)* | 14. DATE |
|---|---|---|---|
| | | | |

We are required by law to give you the information in this box. Instructions for filling out the form follow the box.

**RESPONDENT BURDEN:** VA may not conduct or sponsor, and the respondent is not required to respond to, this collection of information unless it displays a valid Office of Management and Budget (OMB) Control Number. The information requested is approved under OMB Control Number (2900-0085). Public reporting burden for this collection of information is estimated to average one hour per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspects of this collection, including suggestions for reducing this burden, to VA Clearance Officer (045A4), 810 Vermont Ave., NW, Washington, DC 20420. **DO NOT** send requests for benefits to this address.

**PRIVACY ACT STATEMENT:** Our authority for asking for the information you give to us when you fill out this form is 38 U.S.C. 7105(d)(3), a Federal statute that sets out the requirement for you to file a formal appeal to complete your appeal on a VA benefits determination. You use this form to present your appeal to the Board of Veterans' Appeals (BVA). It is used by VA in processing your appeal and it is used by the BVA in deciding your appeal. Providing this information to VA is voluntary, but if you fail to furnish this information VA will close your appeal and you may lose your right to appeal the benefit determinations you told us you disagreed with. The Privacy Act of 1974 (5 U.S.C. 552a) and VA's confidentiality statue (38 U.S.C. 5701), as implemented by 38 C.F.R. 1.526(a) and 1.576(b), require individuals to provide written consent before documents or information can be disclosed to third parties not allowed to receive records or information under any other provision of law. However, the law permits VA to disclose the information you include on this form to people outside of VA in some circumstances. Information about that is given in notices about VA's "systems of records" that are periodically published in the *Federal Register* as required by the Privacy Act of 1974. Examples of situations in which the information included in this form might be released to individuals outside of VA include release to the United States Court of Veterans Appeals, if you later appeal the BVA's decision in your case to that court; disclosure to a medical expert outside of VA, should VA exercise its statutory authority under 38 U.S.C. 5109 or 7109, to ask for an expert medical opinion to help decide your case; disclosure to law enforcement personnel and security guards in order to alert them to the presence of a dangerous person; disclosure to law enforcement agencies should the information indicate that there has been a violation of law; disclosure to a congressional office in order to answer an inquiry from the congressional office made at your request; and disclosure to Federal government personnel who have the duty of inspecting VA's records to make sure that they are being properly maintained. See the *Federal Register* notices described above for further details.

## INSTRUCTIONS

**1. CONSIDER GETTING ASSISTANCE:** We have tried to give you the general information most people need to complete this form in these instructions, but the law about veterans' benefits can be complicated. If you have a representative, we encourage you to work with your representative in completing this form. If you do not have a representative, we urge you to consider getting one. Most people who appeal to the Board of Veterans' Appeals (BVA) do get a representative. Veterans' Service Organizations (VSOs) will represent you at no charge and most people (more than 80 percent) are represented by VSOs. Under certain circumstances, you may pay a lawyer or "agent" to represent you. (See the references in paragraph 9.) Your local VA office can provide you with information about VSOs who are willing to represent you and forms that you will need to complete to appoint either a VSO or an attorney to represent you. Your local bar association may be able to provide you with the names of attorneys who specialize in veterans' law. VA has an 800 number that you can call for assistance: 1-800-827-1000. There are also a few agents recognized by VA who can represent claimants.

**2. WHAT IS THIS FORM FOR?** You told your local VA office that you disagreed with some decision it made on your claim for VA benefits, called filing a "Notice of Disagreement." That office then mailed you a "Statement of the Case" (SOC) that told you why and how it came to the decision that it did. After you have read the SOC, you must decide if you want to go ahead and complete your appeal so that the BVA will review your case. If you do, you or your representative must fill out this form and file it with VA. "Filing" means delivering the completed form to VA in person or by mailing it to VA. Paragraph 4 tells you how much time you have to file this form and paragraph 7 tells you where you file it.

When we refer to "your local VA office" in these instructions, we mean the VA Regional Office that sent you the "Statement of the Case" or, if you have moved out of the area served by that office, the VA Regional Office that now has your VA records.

**3. DO I HAVE TO FILL OUT THIS FORM AND FILE IT?** Fill out this form and file it with VA *if* you want to complete your appeal. If you do not, VA will close your appeal without sending it to the BVA for a decision. If you decide that you no longer want to appeal after you have read the SOC, you don't have to do anything.

**4. HOW LONG DO I HAVE TO COMPLETE THIS FORM AND FILE IT?** Under current law, there are three different ways to calculate how much time you have to complete and file this form. The one that applies to you is the one that gives you the *most* time.

(a) You have one year from the day your local VA office mailed you the notice of the decision you are appealing.

(b) You have 60 days from the day that your local VA office mailed you the SOC.

(c) Your local VA office may have sent you an update to the SOC, called a "Supplemental Statement of the Case" (SSOC). Under an opinion by VA's General Counsel, if that SSOC discusses evidence in your case that VA received within the one-year period described in paragraph 4(a) of these instructions, above, and if you have not already filed this form, then you have at least 60 days from the time your local VA office mailed you the SSOC to file it even though the one-year period has already expired.

3

There is one special kind of case, called a "simultaneously contested claim," where you have 30 days to file this form instead of the longer time periods described above. A "simultaneously contested claim" is a case where two different people are asking for the same kind of VA benefit and one will either lose, or get less, if the other wins. If you are not sure whether this special exception applies, ask your representative or call your local VA office.

If you have *any* questions about the filing deadline in your case, ask your representative or your local VA office. **Filing on time is very important. Failing to file on time could result in you losing your right to appeal.**

**5. WHAT IF I NEED MORE TIME?** If you need more time to complete this form and file it, write to your local VA office, explaining why you need more time. *You must file your request for more time with your local VA office before the normal time for filing this form runs out.* If you file by mail, VA will use the postmark date to decide whether you filed the form, or the request for more time to file it, on time.

**6. WHAT KIND OF INFORMATION DO I NEED TO INCLUDE WHEN I FILL OUT THE FORM?** While most of the form is easy to understand, we will go through the blocks where you might need some additional information.

> **Block 3.** If your appeal involves an insurance claim or some issue related to a VA home loan, enter your VA insurance or VA loan number here. For most kinds of cases, you will leave this block blank.

> **Blocks 4-7.** These blocks are for information about the person who is filing this appeal. If you are a representative filling out this form for the person filing the appeal, fill in the information about that person, not yourself. Block 7 can be left blank if the person filing the appeal is the veteran.

> **Block 8.** It is very important for you to check one, *and only one,* of the boxes in block 8. This lets us know whether or not you want an opportunity to appear personally before one or more members of the BVA to give them information about your case, and, if so, where you want to appear. *If you do not check one of the boxes, BVA will assume that you DO NOT want a BVA hearing.*

> If you ask for a hearing, you and your representative (if you have one) can tell us why you think the BVA should act favorably on your appeal (present argument). You can also tell us about the facts behind your claim and you can bring others (witnesses) to the hearing who have information to give the BVA about your case. At your option, you can submit more evidence at a hearing requested on this form. If you do ask for a hearing, it can be very helpful to have a representative assist you at the hearing.

> Here is specific information about each of the check boxes in block 8.

>> **Box A:** You may feel that you have already sent VA everything the BVA will need to decide your case. It is not necessary for you to have a hearing for BVA to decide your appeal. Check this box if you decide that you *do not* want a hearing. *If you check this box, do not check any of the other boxes in block 8.*

>> **Boxes B and C:** Check box B or box C if you want to appear in person before a member, or members, of the BVA to present your case. We have provided two different boxes because you can have your BVA hearing in one of two different places. You can have your hearing at the BVA's offices in Washington, DC, or you can ask for a BVA hearing at your local VA office. In making your decision, you should know that VA cannot pay any expenses you (or your representative or witnesses) incur in connection with attending a hearing. Having your BVA hearing at your local VA office is usually less expensive for you, because you won't have as much expense for travel for yourself, your witnesses, and your representative. On the other hand, it sometimes takes longer to get your case added to the calendar for BVA hearings at local VA offices because BVA members conduct hearings in the field only during special trips. You can check with your local VA office to get an estimate of how long it may be before your case could be scheduled for a BVA hearing there.

*Note: The BVA has initiated a new program for conducting hearings electronically. This permits BVA member(s) sitting in Washington, DC, to hold a hearing with you at your local VA office. Each hears the other through teleconferencing, or hears and sees the other through videoconferencing. We have not provided a check box for this kind of hearing, because this new kind of hearing is only available at a few VA Regional Offices. If you are interested in this kind of hearing, contact your local VA office to see if it is available in your area and inquire about procedures*

---
**HEARING OFFICER HEARINGS:** A hearing before a local VA hearing officer, instead of before a member of the BVA, is not a BVA hearing. You can request a local hearing officer hearing by writing directly to the regional office. DO NOT use this form to request that kind of hearing. If you do, it will delay your appeal. You should also know that requesting a hearing before a local VA hearing officer does not extend the time for filing this form.
---

> **Block 9.** Save what you want to tell us about *why* you are appealing for the next block. This is the block where you tell us exactly *what* you are appealing. You do this by identifying the "issues" you are appealing. Your local VA office has tried to accurately identify the issues and has listed them on the SOC and any SSOC it sent you.

> If you think that your local VA office has correctly identified the issues you are appealing and, after reading the SOC and any SSOC you received, you still want to appeal its decisions on *all* those issues, check the first box in block 9. *Do not check the second box if you check the first box.*

4

Check the second check box in block 9 if you only want to continue your appeal on some of the issues listed on the SOC and any SSOC you received. List the specific issues you want to appeal in the space under the second box. While you should not use this form to file a new claim or to appeal new issues for the first time, you can also use this space to call the BVA's attention to issues, if any, you told your local VA office in your Notice of Disagreement you wanted to appeal that are not included in the SOC or a SSOC. If you want to file a new claim, or appeal new issues (file a new Notice of Disagreement), do that in separate correspondence.

**Block 10.** Use this block to tell us *why* you disagree with the decision made by your local VA office. Tie your arguments to the issues you identified in block 9. Tell us what facts you think VA got wrong and/or how you think VA misapplied the law in your case. Try to be specific. If you are appealing a rating percentage your local VA office assigned for one or more of your service-connected disabilities, tell us *for each service-connected disability rating you have appealed* what rating would satisfy your appeal (The SOC, or SSOC, includes information about what disability percentages can be assigned for each disability under VA's "Rating Schedule.") You may want to refer to the specific items of evidence that you feel support your appeal, but you do not have to describe all of the evidence you have submitted. The BVA will have your complete file when it considers your case. You should not attach copies of things you have already sent to VA.

If you need more space to complete block 10, you can continue it on the back of the form and/or you can attach sheets of paper to the form. If you want to complete this part of the form using a computer word-processor, you may do so. Just attach the sheets from your printer to the form and write "see attachment" in block 10.

**Block 11.** This form can be signed and filed by *either* the person appealing the local VA decision, or by his or her representative. Sign the form in block 11 if you are the person appealing, or if you are a guardian or other properly appointed fiduciary filing this appeal for someone else. In cases where an incompetent person has no fiduciary, or the fiduciary has not acted, that person's "next friend," such as a family member, can sign and file this form. If the representative is filing this form, this block can be left blank. Regardless of who signs the form, we encourage you to have your representative check it over before it is filed. Place the date you sign in block 12.

**Block 13.** If you are a representative filing this form for the appellant, sign here. Otherwise, leave this block blank. If you are an accredited representative of a veterans' service organization (VSO), also insert the name of the VSO in this block. Note that signing this form will not serve to appoint you as the appellant's representative. Contact your local VA office if you need information on appointment. Place the date you sign in block 14.

**7. WHERE DO I FILE THE FORM ONCE I HAVE COMPLETED IT?** When you have completed the form, signed and dated it, send it to the VA office that has your records. Unless you have recently moved outside the area that it serves, this is the office whose address is at the top of the letter VA sent you with the SOC.

**8. OTHER SOURCES OF INFORMATION:** You can get information about the VA appeal process written in informal language by asking your local VA office for a copy of a pamphlet called "Understanding the Appeal Process." For more detailed technical information about the VA appeal process, see the BVA's Rules of Practice. You will find them in Part 20 of Title 38 of the Code of Federal Regulations (C.F.R.). Many local public libraries have the C.F.R., or the library staff may be able to tell you where you can locate a copy. If you have a representative, your representative may have a copy of the C.F.R. A great deal of information is available on the Internet at "http://www.va.gov." (Do not include the quotation marks or the final period when typing in the Internet address.)

**9. SPECIAL NOTE FOR ATTORNEYS AND VA ACCREDITED AGENTS.** There are statutory and regulatory restrictions on the payment of your fees and expenses and requirements for filing copies of your fee agreement with your client with VA. *See* 38 U.S.C. 5904 and 38 C.F.R. 20.609-.610.

*NOTE: Please separate these instructions from the form at the perforation before you file the form with VA. We suggest that you keep these instructions with your other papers about your appeal for future reference.*

*(Attach additional sheets, if necessary)*