﻿Citation Nr: 19172624
Decision Date: 09/18/19 Archive Date: 09/18/19

DOCKET NO. 19-22 907
DATE: September 18, 2019

REMANDED

Entitlement to rating in excess of 30 percent for bilateral pes planus is remanded.

 REASONS FOR REMAND

The Veteran served on active duty in the United States Marine Corps from October 1982 to October 1986. This matter comes before the Board from an October 2014 rating decision that assigned a 30 percent rating for bilateral pes planus, after granting service connection for the same. The Veteran appealed the assigned rating.

The Board notes that the Veteran initiated appeals with respect to the issues of service connection for left shoulder disability and an initial compensable rating for the residuals of a fracture of the left thumb. See October 2014 rating decision and October 2015 notice of disagreement. However, after being provided a statement of the case in June 2019 on both those issues as well as the above referenced claim for an increased rating for pes planus, the Veteran filed a substantive appeal (VA Form 9) in August 2019 that limited the scope of the appeal. 

Specifically, the Veteran circled A. in section 8 indicating that “I have read the statement of the case and any supplemental statement of the case I received, I am only appealing these issues: Bilateral Pes Planus.” The argument presented in section 9 of the form pertained only to the pes planus issue as well. The Veteran’s desire to limit the scope of his appeal to the increased rating for his pes planus is clear and unambiguous. Evans v. Shinseki, 25 Vet. App. 7 (2011).

Entitlement to rating in excess of 30 percent for bilateral flatfeet.

The Veteran was last afforded VA examinations to evaluate the severity of pes planus in November 2015. In a statement received in August 2019, he reported that his bilateral flatfeet have become worse; he now feels as though his feet are going to collapse and that he will need to start using a cane, or other assistive device, to be mobile. As the Veteran has alleged an increase in severeity of his bilateral flatfeet since the last VA examination, a remand is required to determine the current severity of the Veteran’s bilateral flatfeet. 

The matters are REMANDED for the following action:

Schedule the Veteran for an examination by an appropriate clinician to determine the current severity of his service-connected bilateral flatfeet. The examiner should provide a full description of the disability and report all signs and symptoms necessary for evaluating the Veteran’s disability under the rating criteria. The examiner must attempt to elicit information regarding the severity, frequency, and duration of any flare-ups, and the degree of functional loss during flare-ups. To the extent possible, the examiner should identify any symptoms and functional impairments due to bilateral flatfeet alone and discuss the effect of the Veteran’s bilateral flatfeet on any occupational functioning and activities of daily living. 

The examiner is asked to describe whether pain significantly limits functional ability during flares, and if so, the examiner must estimate range of motion during flares. If the examination does not take place during a period of flare-up, the examiner should glean information regarding the flares’ severity, frequency, duration, and functional loss manifestations from the Veteran, medical records, and other available sources. Efforts to obtain such information must be documented. If there is no pain and/or no limitation of function, such facts must be noted in the report.

 

 

MICHAEL A. HERMAN

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board E. Rekowski, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.